Denise Joner, Appellant *v.* Board of Education of the School District of Philadelphia, Appellee.

146

Argued December 11, 1984, before President Judge CRUMLISH, JR., and Judges ROGERS, WILLIAMS, JR., CRAIG, MACPHAIL, DOYLE and BARRY.

*James B. Crummett*, with him, *William L. Bowe, Crummett & Bowe, P.C.*, for appellant.

*Andrew M. Rosen*, Assistant Counsel, with him, *Michael Churchill*, General Counsel, for appellee.

OPINION BY JUDGE DOYLE, August 15, 1985:

Denise Joner (Appellant) appeals from the order of the Philadelphia County Court of Common Pleas which granted the School District of Philadelphia's motion for judgment on the pleadings, and dismissed Appellant's complaint. We affirm.

The facts as pleaded in this case indicate that on April 13, 1981, Appellant was assaulted while she was walking on the sidewalk adjacent to the Fell School at 9th Street and Oregon Avenue in Philadelphia. Appellant was forceably taken through an unsecured gate in the fence around the school to an unlighted area of the school grounds where she was beaten and sexually assaulted. A complaint in trespass was filed against the School District, alleging negligence in failing to properly secure the school gate, and in failing to maintain adequate lighting for the school property, thereby allowing the property to be used for criminal activity directed against passersby. The School District filed a motion for judgment on the pleadings claiming governmental immunity under Section 8541 of the Judicial Code, 42 Pa. C. S. §8541. The court of common pleas granted the School District's motion, citing as controlling authority the case of *Vann v. Board of Education, School District of Philadelphia,* 76 Pa. Commonwealth Ct. 604, 464 A.2d 684 (1983).

The doctrine of governmental immunity had its origin in common law, and, unlike sovereign immunity, was based not on constitutional principles, but on policy considerations which favored public convenience over the rights of individuals. *See Ford v. School District,* 121 Pa. 543, 15 A. 812 (1888). Finding such policy considerations outdated and unjustified, the Supreme Court of Pennsylvania overruled *Ford* and abolished the judicially-created doctrine of governmental immunity in *Ayala v. Philadelphia Board of Public Education,* 453 Pa. 584, 305 A.2d 877 (1973). Soon thereafter the legislature responded by enacting the Political Subdivision Tort Claims Act,[1]

---

[1] Act of November 26, 1978, P.L. 1399, *as amended,* 53 P.S. §5311.101 through §5311.803, *repealed by* the Act of October 5, 1980, P.L. 693. The subject matter is now covered by Sections 8541-64 of the Judicial Code, 42 Pa. C.S. §§8541-64.

which created a statutory basis for governmental immunity, subject to certain limited exceptions. The exception to immunity relevant in the present case is now found in Section 8542 of the Judicial Code which states, in pertinent part:

(b) *Acts which may impose liability.*—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

. . . .

(3) *Real Property.*—The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency.

In *Vann*, addressing a factual situation identical to the present case, we stated that:

We have held that Section 8542(b)(3) does not waive immunity as to any unfortunate incident *solely because it occurs on government-owned premises.* We believe the Section must be read as a narrow exception to a general legislative grant of immunity and we construe it to impose liability only for negligence which makes government-owned property unsafe for the activities for which it is regularly used, for which it is intended to be used, or for which it may be reasonably foreseen to be used.

76 Pa. Commonwealth Ct. at 607-08, 464 A.2d at 686 (emphasis added, citation and footnotes omitted). Concluding that violent criminal activity such as had occurred when a minor, Javelle Vann, while walking on the sidewalk adjacent to a school, was assaulted and forceably taken through an unsecured gate and

beaten in an unlit area of the school grounds, was not a reasonably foreseeable use of school property, the Court in *Vann* found that the exception to immunity did not allow recovery in such a circumstance (because there was no cause of action at common law). *Id.*

Appellant concedes the applicability of *Vann,* but urges that we overrule its holding. Appellant argues that, contrary to the holding in *Vann,* the question of whether criminal activity is a foreseeable use of school property is not one of law, but one of fact, and should be left to the jury for determination. Appellant argues further that the holding in *Vann* is contrary to the Restatement of Torts as well as prior case law, both of which assign liability to landowners for injury caused by unsafe conditions of their land.[2] This line of reasoning, however, fails to recognize that *Vann* concentrated on the first of two requirements for recovery—that of establishing a cause of action cognizable at common law or by statute. Since the plaintiff in *Vann* failed to meet this requirement, it was not necessary to consider whether she met the second requirement—that of relating that cause of action in some way to the government-owned real estate so as to overcome the statutorily imposed bar of governmental immunity.

---

[2] Appellant cites the Restatement of Torts (Second) §365 (1965), which states:

A possessor of land is subject to liability to others outside of the land for physical harm caused by the disrepair of a structure or other artificial condition thereon, if the exercise of reasonable care by the possessor or by any person to whom he entrusts the maintenance and repair thereof

(a) would have disclosed the disrepair and the unreasonable risk involved therein, and

(b) would have made it reasonably safe by repair or otherwise.

This section was adopted by the Pennsylvania Supreme Court in *Ford v. Jeffries,* 474 Pa. 588, 379 A.2d 111 (1971).

We believe *Vann* to be a correct decision under the facts presented in that case. In the *Vann* opinion we sought to emphasize that the real property exception to governmental immunity does not impose a higher standard of liability upon a governmental unit than is imposed generally upon private landowners. Thus, an injured party attempting to establish liability under this exception is still obligated to set forth facts which would establish liability under the general negligence standards applicable to the ownership of real property.

Clearly, an artificial condition of the land becomes dangerous only in relation to the particular uses given to it. This is especially true in cases such as *Vann*, where the artificial condition itself does not injure, but merely facilitates the injury. In such a situation, a landowner must be aware of the uses being given to his land before he can determine whether a condition is dangerous or in need of repair. Thus, a landowner may not be expected to make his land safe for all *conceivable* uses, but only for those cases which are reasonably foreseeable. The reasoning in *Vann* is reflected in case law, under which landowners, even municipal landowners, have been held liable to persons off the premises for dangerous conditions which existed on the property in situations where the particular use of the land is permitted or known by the landowner. In *Honaman v. Philadelphia,* 322 Pa. 535, 185 A. 750 (1936), our Supreme Court, holding that the operation of Fairmount Park in Philadelphia was a proprietary function of the City, as contrasted with a governmental function, upheld a jury award of $2,-000.00 awarded to a sidewalk pedestrian when she was struck in the face by a foul tip coming from a baseball game played on a diamond, *laid out by the Park Commissioners,* which was only eight to ten feet from the

sidewalk. The Court, specifically referring to the fact that there had been *no backstop* or barrier erected, held the city liable because the erection of the backstop would have prevented the injury. The Superior Court in *Stevens v. Pittsburgh,* 129 Pa. Superior Ct. 5, 194 A. 563 (1937), *aff'd,* 329 Pa. 496, 198 A. 655 (1938), citing *Honaman,* shortly thereafter upheld a jury award for the death of an eight year old boy who was struck by a bullet fired by a person in Olympia Park in the City of Pittsburgh, which park was "owned, maintained and controlled" by the City. *Id.* at 7, 194 A. at 564. The boy had been standing on a neighbor's lawn near his own home on a street directly opposite the park, but the fatal shot had been fired from a location 75 to 100 feet distant from a rifle range, established by a rifle club *with express permission and licensing by the City,* and there was ample evidence that the City was well aware of the "long continued, promiscuous and general shooting in the park by persons who were not members of the rifle club, but were in the park with the City's knowledge and upon its implied invitation and permission to use the recreation facilities the park was intended to afford." *Id.* at 9, 194 A. at 564. The Superior Court, in reversing the trial court, which had entered a judgment n.o.v. on the basis that the only negligence shown had no relation to the physical condition of Olympia Park, its equipment, or the ordinary use thereof stated:

> The breach of duty here was not the failure of the city . . . to police . . . but rather a failure in its proprietary capacity as a landowner to abate a dangerous condition existing upon its property of which it had notice. That the only way to abate the nuisance might incidentally be through the use of its police officers or other employees does not make the breach of duty

essentially a failure to exercise a governmental function.

*Id.* at 19, 194 A. at 569. *See also Ford v. Jeffries*, 474 Pa. 588, 379 A.2d 111 (1977) (where the spread of fire from defendant's dilapidated and unoccupied adjoining property caused damage to plaintiff's home.

Neither Denise Joner in the case *sub judice* nor Javelle Vann in *Vann* were business invitees or licensees (or even trespassers for that matter) on the property of the School District. Therefore no special relationship or duty existed between these minor plaintiffs and the School District as the owner of the property.

We acknowledge that in the present case, as in *Vann,* the outcome might have been different had the Appellant or her assailant been on school property with the knowledge or consent of the School District and other factors had been present.[3] The facts as pleaded in the present case, however, indicate no more than an isolated criminal episode, originating off of school property, involving passersby who were neither invited nor permitted on school property. Under these facts, we must conclude as a matter of law that the criminal use of the property was not reasonably foreseeable.

Regardless of whether the Appellant has alleged facts which would have otherwise qualified her claim under an exception to governmental immunity, and we do not now decide whether she has done so, she has not alleged facts which would establish liability un-

---

[3] Appellant has interpreted our opinion in *Vann* to have established a rule of law under which "no amount of evidence" would justify a finding that criminal acts are a foreseeable use of school property. Clearly *Vann* does not establish such a rule, but establishes only that, under the facts as pleaded in that case, the criminal acts were not a foreseeable use of school property as a matter of law.

der general negligence standards, and has therefore failed to establish her right to recovery. We do note however that in every situation in the past where the bar of governmental immunity has been overcome there has been a causal relationship between the injury sustained and the real property owned or operated by the governmental unit or municipal authority.[4]

Accordingly, we affirm the Order of the court of common pleas which granted the School District's motion for judgment on the pleadings.

### Order

Now, August 15, 1985, the order of the Court of Common Pleas of Philadelphia County in the above referenced matter, No. 4760, March Term, 1983, dated November 7, 1983, is hereby affirmed.

Judge WILLIAMS, JR. did not participate in the decision in this case.

Judge ROGERS concurs in the result only.

---

[4] See Bersani v. School District of Philadelphia, 310 Pa. Superior Ct. 1, 456 A.2d 151 (1982), where an order granting the School District's motion for summary judgment was reversed by the Superior Court. The injury had occurred in a school yard when a 9 year old boy, playing catcher, was accidentally struck in the head by the batter's bat. The Court found that the injured boy was a public invitee under the Restatement (Second) of Torts §332 (1965) (cited with approval in Atkins v. Urban Redevelopment Authority of Pittsburgh, 489 Pa. 344, 351 n. 2, 414 A.2d 100, 103 n. 2 (1980)) and that the School District should have realized that a "pimpleball" diamond, which the School District had laid out in the school yard, allowed too little room for both a batter and a catcher in the area of home plate. In "pimpleball" no bat is used, but when children were playing baseball with a bat, the diamond created a dangerous condition.

---

### Dissenting Opinion by President Judge CRUMLISH, JR.

I respectfully dissent from the majority's holding that Joner's complaint fails to allege facts sufficient

to give rise to liability under common law negligence principles.

It has been held that, under the laws of this Commonwealth, liability may be imposed on a landowner if the plaintiff alleges, and at trial proves, *inter alia,* that the owner maintained inadequate lighting on his land and that he knew or should have known that this condition would facilitate criminal activity upon his land. *Kenny v. Southeastern Pennsylvania Transportation Authority,* 581 F.2d 351 (3d Cir. 1978), *cert. denied,* 439 U.S. 1073 (1979). These are precisely the facts alleged in Joner's complaint.[1]

While Joner was neither a business invitee nor a licensee upon the School District's property, as was the plaintiff in *Kenny,* this does not preclude a cause of action. Joner was walking outside the school yard when she first encountered the grievous harm she suffered. A landowner may be held liable for physical harm to a person *outside the land* if the harm is caused by an artificial condition on the land, created by the owner, which he knew or should have known involved an unreasonable risk of that harm. Restatement, Second, of Torts §364 (1965).[2] Joner's complaint alleges such a factual scenario, since she therein claims that the School District knew or should have known that the open, unlit, unguarded condition of the school yard allowed it to be used as a haven for criminal activity directed at unwary pedestrians on the adjacent sidewalk.[3]

The facts alleged here are indistinguishable from those alleged by the plaintiff in *Vann v. Board of Education of the School District of Philadelphia,* 76 Pa.

---

[1] Paragraph eight of the complaint.

[2] An earlier, but similar, version of this section was cited by our Supreme Court in support of its holding in *Boyle v. Pennsylvania Railroad Co.,* 346 Pa. 602, 31 A.2d 89 (1943).

[3] *See.* note 1.

Commonwealth Ct. 604, 464 A.2d 684 (1983). In *Vann* we affirmed an order which sustained preliminary objections to the complaint, holding that the plaintiff had failed to allege a cause of action for negligence. For the reasons stated above, that decision should be overruled.

At the very least, this case should go to the jury for a determination of the factual issues. I would accordingly reverse the trial court's order granting the School District's motion for judgment on the pleadings and remand the case to that court for further proceedings.

Judge BARRY joins in this dissent.