514 A.2d 1023

William Farley, III, a minor and William Farley, Jr., and Patricia Farley, parents and natural guardians of William Farley, III and William Farley, Jr., and Patricia Farley, in their own rights, Appellants *v.* Township of Upper Darby and Philip Blemings, Appellees.

Argued April 9, 1986, before President Judge CRUMLISH, JR., Judges ROGERS, CRAIG, MACPHAIL, DOYLE, BARRY and COLINS.

*Roger N. Huggins, Raynes, McCarty, Binder, Ross & Mundy,* for appellants.

*John J. Breen, Gibbons, Buckley, Smith, Palmer & Proud, P.C.,* for appellees.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., September 17, 1986:

William Farley, III, appeals a Delaware County Common Pleas Court order granting summary judgment in favor of Upper Darby Township. The common pleas court concluded that the township was immune from suit under the Recreational Use of Land and Water Act (Recreation Act).[1] We affirm.

Farley, a seven-year-old, was injured when he fell from a sliding board at Naylors Run Park. The park is owned and maintained by the township. Farley filed a trespass action against the township. In its answer and new matter, the township asserted immunity under the Political Subdivision Tort Claims Act[2] and, in its amended new matter, immunity under the Recreation Act. The township moved for summary judgment on the basis of the Recreation Act.

Our scope of review of a common pleas court order granting summary judgment is limited to determining

---

[1] Act of February 2, 1966, P.L. (1965) 1860, *as amended,* 68 P.S. §§477-1—477-8.

[2] Act of November 26, 1978, P.L. 1399, *as amended, formerly* 53 P.S. §5311.101—5311.803, repealed by the Act of October 5, 1980, P.L. 693. The subject matter is now covered by Sections 8541-64 of the Judicial Code, 42 Pa. C. S. §8541-64.

whether an error of law was committed or the court abused its discretion. *Nordmann v. Commonwealth,* 79 Pa. Commonwealth Ct. 187, 468 A.2d 1173 (1983).

The township contends that, regardless of whether it is an "owner of land" under Section 3 of the Recreation Act,[3] it is immune from suit in light of Section 8542(a)(1) of the Judicial Code (Code).[4] We agree.

This case is controlled by our Supreme Court's reasoning, as articulated by Justice MCDERMOTT, in *Department of Environmental Resources v. Auresto,* 511 Pa. 73, 511 A.2d 815 (1986). The plaintiff in that case was injured, while riding his snowmobile on a frozen Commonwealth pond, when it struck a protruding tree stump which was concealed by snow. The Commonwealth, like the township in this case, sought summary dismissal of the complaint on the grounds that it is immune under the terms of the Recreation Act.[5] Justice MCDERMOTT, writing for the Supreme Court stated: "The trial court held that the owner immunity granted by the Recreational Use of Land and Water Act . . . was applicable to the Commonwealth. We agree with the trial court's holding. . . ." *Id.* at 75, 511 A.2d at 816 (footnote omitted).

That Court also granted the Commonwealth immunity under the immunity provisions contained in the Judicial Code. Section §8522(a) of the Code[6] provides, in pertinent part, that the Commonwealth's immunity[7] is

---

[3] 68 P.S. §477-3.

[4] 42 Pa. C. S. §8542(a)(1).

[5] In *Auresto,* the Commonwealth filed preliminary objections in the nature of a demurrer.

[6] 42 Pa. C. S. §8522(a).

[7] Sovereign immunity was reaffirmed by 1 Pa. C. S. §2310 as a bar to actions against the Commonwealth except as specifically waived by the General Assembly.

waived only "where the damages would be *recoverable* under the common law . . . if the injury were caused by a person not having available the defense of sovereign immunity." (Emphasis added.) Based on Section 8522 (a), the Supreme Court in *Auresto* reasoned:

> *[W]hile the Commonwealth as an owner of land may not have been contemplated at the time the Recreation Act was passed,* it is obvious that at the time the *Sovereign Immunity Act* was passed the Commonwealth's exposure to suit was intended to be the same as a private citizen. Consequently, when the two Acts are read in *pari materia* the conclusion is inescapable that since a private citizen would have been protected from the present suit so must the Commonwealth.

*Id.* at 78, 511 A.2d at 817 (emphasis added).

The township claims immunity based on Section 8542(a)(1) of the Code. This section provides, in pertinent part, that immunity is waived only where "[t]he damages would be *recoverable* under common law . . . if the injury were caused by a person not having available a defense under section 8541 (relating to governmental immunity generally) or section 8546 (relating to defense of official immunity). . . ." (Emphasis added.) The Supreme Court's analysis in *Auresto,* respecting Section 8522(a) of the Code, applies to this parallel provision. We, therefore, hold that the township is immune from suit.

The common pleas court decision is affirmed.

### ORDER

The Delaware County Common Pleas Court order, No. 81-02334 dated July 23, 1984, is affirmed.

ORDER

NOW, December 19, 1986, having previously granted reconsideration, we hereby reaffirm our prior opinion and Order filed September 17, 1986.