522 A.2d 174

Robert McNeill, a Minor, by his parent and Guardian, Donald McNeill, Donald McNeill in his own right, Appellants *v.* City of Philadelphia, Appellee.

Argued December 11, 1986, before Judges Craig and Colins, and Senior Judge Kalish, sitting as a panel of three.

*Michael F. Eichert,* with him, *Herbert K. Fisher, Bloom, Ocks and Fisher,* for appellants.

*Claudia M. Tesoro,* Chief Assistant City Solicitor, with her, *Handsel B. Minyard,* City Solicitor, and *Barbara R. Axelrod,* Divisional Deputy in Charge of Appeals.

Opinion by Judge Colins, March 11, 1987:

Robert McNeill, a ten year old child, and his father, Donald McNeill (appellants) appeal an order of the Court of Common Pleas of Philadelphia County sustaining preliminary objections filed by the City of Philadel-

phia (City) and dismissing appellant's Complaint as barred by the grant of immunity defined by Sections 8541-8564 of the Judicial Code (Code), 42 Pa. C. S. §§8541-8564, and commonly referred to as the Political Subdivision Tort Claims Act.

On appeal from the upholding of preliminary objections in the nature of a demurrer, we must accept as true all well-pleaded allegations and material facts averred in the Complaint, as well as all reasonable inferences deducible therefrom. *Nicholson v. M & S Detective Agency, Inc.,* 94 Pa. Commonwealth Ct. 521, 503 A.2d 1106 (1986). We determine from the Complaint that the minor appellant was injured when he struck a wire supporting a tennis net as he was riding his bike on a tennis court which was part of a playground owned by the City. Appellants also averred the following:

4. At all times pertinent hereto, the [City] operated and maintained . . . a playground and recreational area, including a tennis court for the use and enjoyment to the residents of the City of Philadelphia, including minor children, and in addition, invited and encouraged children to use the recreational facilities provided on the aforesaid playground.

5. On or about November 24, 1984, the minor [appellant] and others were riding their bicycles on the tennis courts on the [playground] when, by reason of the negligence of the [City], the minor [appellant] struck a wire supporting the tennis net, causing him the severe and permanent personal injuries hereinafter set forth.

6. The negligence of the [City], and/or its servants, agents or employees acting within the scope of their employment, consisted in:

a. Failing to have due regard for the rights, safety and position of the [minor appellant], as well as other minors using the [playground];

b. Failing to properly inspect the premises to safeguard minor [appellant], as well as other invitees, from unreasonable risk of harm;

c. Maintaining the property in an unsafe condition for the activities for which the [playground] is regularly used, for which it is intended to be used, and for which it may be reasonably foreseen to be used;

d. Failing to properly and adequately maintain the tennis net to safeguard minor [appellant], as well as other bicycle riders, from unreasonable risk of harm;

e. Permitting, allowing or maintaining the tennis net in such a manner as to leave exposed the thin wire support and create an unreasonable risk of harm to minor [appellant] and other bicycle riders;

f. Failing to properly and adequately supervise the aforesaid [playground].

The City filed Preliminary Objections in response to the above allegations and averred that it was immune from suit pursuant to the provisions of the Code and of the Pennsylvania Recreational Use of Land and Water Act (Recreation Act), Act of February 2, 1966, P.L. (1965) 1860, 68 P.S. §§477-1-477-8. Appellants filed an Answer to the City's Preliminary Objections and argued, in a Memorandum of Law in support of their Answer, that the City had waived these defenses by failing to affirmatively plead them in a responsive pleading in conformity with Pa. R.C.P. No. 1030.[1]

---

[1] Pa. R.C.P. No. 1030 requires that "[a]ll affirmative defenses including but not limited to the defenses of . . . immunity from suit . . . shall be pleaded in a responsive pleading under the heading 'New Matter' ".

The trial Judge sustained the City's Preliminary Objection raising the issue of immunity under the Code, and did not rule on the applicability of the Recreation Act to the City or the issue of the purported waiver of defenses by the City's failure to assert same in a responsive pleading.

Upon appeal, appellants submit that the trial court's order is in error because: (1) the defense of immunity from suit was improperly raised by preliminary objection and was thus waived; (2) the Complaint alleged facts which, upon development of a more comprehensive record, were encompassed by an exception to the general grant of immunity as defined by 42 Pa. C. S. §8542(b)(3),[2] pertaining to the care, custody or control of real property; and (3) that the immunity conferred by the Recreation Act is inapplicable to municipalities such as the City herein. We consider these issues *seriatim*.

Appellants correctly assert that immunity from suit is an affirmative defense which must be pleaded in a responsive pleading under the heading of New Matter. *See* Pa. R.C.P. No. 1030. This Court in *Swartz v. Masloff*, 62 Pa. Commonwealth Ct. 522, 437 A.2d 472 (1981), considered the question of whether the defense of immunity raised by preliminary objections must be stricken as procedurally infirm. We therein noted two lines of cases deciding this matter. The first permits the

---

[2] Section 8542(b)(3) of the Code provides in pertinent part:
(b)  Acts which may impose liability.—
The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:
(3)  *Real Property.*—The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency. . . .

defense of immunity to be raised by preliminary objections where the case is clear on the face of the pleadings. The second deems this procedural challenge to have been waived in the absence of the filing of a preliminary objection to the preliminary objection so raising this defense. *See also Nicholson,* 94 Pa. Commonwealth Ct. at 523, n. 1, 503 A.2d at 1106-07, n. 1 (the defense of immunity as raised by preliminary objections will be considered in the interest of judicial economy where the plaintiff did not object to such a procedural defect.)

We are not persuaded by either line of cases as defined in *Swartz* that our consideration of the City's purported immunity is foreclosed. We do not find that the City's immunity under the Code is clear on the face of the pleadings. Moreover, appellants did not challenge the manner in which the City raised the defense by filing preliminary objections in response to the City's preliminary objections. We do not find that appellants' Memorandum of Law accompanying its Answer to the City's Preliminary Objections was a proper vehicle with which to challenge the City's procedural error. Had appellants raised this challenge by themselves filing preliminary objections, we might be faced with a different case.

Appellants next contend that the trial court misconstrued the substance of their Complaint as alleging the negligent supervision of persons on City-owned property rather than negligence in the care, custody and control of real property. Numerous decisions of this Court have held that negligent supervision of persons on government real estate does not come within the real property exception to governmental immunity found in 42 Pa. C. S. §8542(b)(3) *See, e.g., Johnson v. City of Philadelphia,* 93 Pa. Commonwealth Ct. 87, 500 A.2d 520 (1985).

Appellants' Complaint did indeed contain a single allegation that the City's failure to properly supervise the tennis court/playground contributed to the injuries sustained by the minor appellant. However, the gravamen of appellants' Complaint concerned the failure of the City to provide safe conditions for the benefit of those using its facilities. The Complaint expressly alleged the existence of a dangerous condition upon the realty, namely, the thin wire supporting the tennis net, which condition rendered the playground unsafe for those activities for which it was regularly used, for which it was intended to be used and for which it might be reasonably foreseen to be used. Such negligence on the part of the City, if proven, might well render it liable for any injuries sustained by the minor appellant. *See Vann v. Board of Education of the School District of Philadelphia,* 76 Pa. Commonwealth Ct. 604, 464 A.2d 684 (1983).

Intrinsic to such proof, however, are certain elements left factually unresolved by virtue of the trial court's conclusion of the case upon preliminary objections. Of import to our determination, as appellants submit, is whether the wire upon which the minor appellant was injured constituted realty or personalty, a factual determination based upon the manner in which the chattel, herein the wire, was annexed to the property and the intent of the parties at the time of the annexation. *See Beardell v. Western Wayne School District,* 91 Pa. Commonwealth Ct. 348, 496 A.2d 1373 (1985) (in a case involving injury sustained by a minor plaintiff upon sliding into second base during a high school baseball game, the trial court's grant of summary judgment was premature and its finding that the School District was immune from suit, as a matter of law, under 42 Pa. C. S. §8542(b)(3), was in error, where the record did not reveal whether the base bag and plate were realty or personalty).

We cannot determine from the pleadings in the instant matter how the wire supporting the net or the post to which it was attached were annexed to the property. Consequently, the trial court's dismissal of appellants' Complaint on Preliminary Objections was premature.

The City maintains that the minor appellant was not using the tennis court in the manner in which it was intended to be used and that he was, therefore, trespassing, thus immunizing the City from liability under Section 8542(b)(3) of the Code. That Section specifically excludes liability "for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency."

Whether the minor appellant was an invitee, a licensee, or a trespasser at the time of his injury cannot be determined without amplification of the factual record. Appellants contend that such amplification would have elucidated whether or not other accidents had occurred on this tennis court or whether the City was aware that children rode their bicycles on the court. On this record, we can only speculate that such proof might have been dispositive. We note that a landowner is not expected to make his land safe for all *conceivable* uses, but only for those uses which are reasonably foreseeable. *Joner v. Board of Education of the School District of Philadelphia,* 91 Pa. Commonwealth Ct. 145, 496 A.2d 1288 (1985). Moreover, whether or not the City had notice of a dangerous condition on the tennis court/playground is a question of fact, *Medicus v. Upper Merion Township,* 82 Pa. Commonwealth Ct. 303, 475 A.2d 918 (1984), herein unresolved.

We are similarly unable to determine the applicability of the Recreation Act to the instant matter in consideration of appellants' Complaint alone. That Act pur-

ports to "encourage owners of land to make land and water areas available to the public for recreational purposes by limiting their liability toward persons entering thereon for such purposes." Section 1 of the Recreation Act, 68 P.S. §477-1. The immunity conferred by Section 3 of the Recreation Act, 68 P.S. §477-3,[3] extends only to owners of land who hold their property open to the public free of charge. Section 6 of the Recreation Act, 68 P.S. §477-6(2).

Our Supreme Court's decision in *Department of Environmental Resources v. Auresto*, 511 Pa. 73, 511 A.2d 815 (1986), made it clear that the Recreation Act is applicable to the Commonwealth.[4] We are not persuaded, however, that the City's playground/tennis court at the heart of the instant case is encompassed by the statute as it has been interpreted in *Auresto* and *Rivera v. Philadelphia Theological Seminary of St. Charles Borromeo, Inc.*, 510 Pa. 1, 507 A.2d 1 (1986).

In *Rivera*, our Supreme Court determined that neither the language nor the purposes of the Recreation Act required an interpretation which conferred immunity upon an indoor pool owned by the Philadelphia Theological Seminary. The Court stated that the Recreation Act is "designed to encourage the opening up of *large, private landholdings* for outdoor recreation use by the general public" and that the intention of the Legislature was "to limit the applicability of the [Recrea-

---

[3] Section 3 of the Recreation Act provides that: "an owner of land owes no duty of care to keep the premises safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure, or activity on such premises to persons entering for, such purposes."

[4] Similarly, this Court's decision in *Farley v. Township of Upper Darby*, 100 Pa. Commonwealth Ct. 535, 514 A.2d 1023 (1986), held that the Recreation Act is applicable to political subdivisions.

tion] Act to outdoor recreation on *largely unimproved land." Id*. at 15, 16, 507 A.2d at 8. (Emphasis supplied.) Moreover, the Court limited the meaning of the words "buildings, structures and machinery or equipment when attached to the realty" in Section 2 of the Recreation Act, 68 P.S. §477-2, to "ancillary structures attached to *open space lands made available for recreation and not to enclosed recreational facilities in urban areas." Id*. (Emphasis supplied.) In *Auresto*, the Supreme Court disagreed with the appellees' contention that the Legislature intended to exclude "the vast recreational resources of the Commonwealth" from the limitation on liability conferred by the Recreation Act. *Id*. at 76, 511 A.2d at 816.

The mere fact that the City owned and operated the playground/tennis court in this case leads to the inference that such a location could not constitute "largely unimproved land" within the meaning of *Rivera*. Indeed, the inference arises that the subject playground/tennis court more closely resembles "an enclosed recreational facilit[y] in [an] urban area" as held beyond the scope of the Recreation Act in *Rivera*. Nevertheless, we are reluctant to render such inferences on the bare record before us. Had the City properly raised the defense of immunity by way of New Matter, thereby occasioning a responsive pleading on the part of appellants, we might have an enhanced factual record from which to make such a determination. Without the benefit of such a record, we must conclude that the trial court's dismissal of the matter upon preliminary objections was premature. We are constrained to remand this matter to the trial court so that this case may proceed in an appropriate fashion.

Accordingly, the order of the Court of Common Pleas sustaining the City's Preliminary Objections is reversed.

504

### ORDER

AND NOW, March 11, 1987, the order of the Court of Common Pleas of Philadelphia County dated June 27, 1985, in the above-captioned matter, is reversed and this case is remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.