## Jones v. Cheltenham Township

*Alan B. Epstein,* for plaintiff.
*Warren E. Voter,* for defendant.

SUBERS, *J.,* March 24, 1987—This action arises out of an accident which occurred on September 3, 1981 in Richard Wall Park in Cheltenham Township, Montgomery County, Pennsylvania. The township is a municipal corporation organized under the laws of the Commonwealth of Pennsylvania

and the park is a municipal park of the township open to the public for recreational purposes. No admission is charged for entrance to the park grounds or use of the facilities. The park has various play areas and Tookany Creek runs along one edge of the park, with the township owning land on both sides of the creek. Plaintiff's decedent, Milton Jones, was playing and swimming in the creek and drowned in a deeper portion of it. It should be noted that plaintiff's complaint does not allege that the township acted either willfully or maliciously at any time in relation to plaintiff's decedent.

The township in its amended answer and new matter asserted the defense premised upon the Recreation Use of Land and Water Act, 68 Pa.C.S. §477-1 et seq.

The township has filed its motion for summary judgment and this motion was granted on behalf of defendant, Cheltenham Township.

## ISSUE

Does the Recreation Use of Land and Water Act bar all claims advanced by plaintiff against defendant, Cheltenham Township in this lawsuit?

## DISCUSSION

A motion for summary judgment may be filed in accordance with Pa. R.C.P. 1035 (b) and shall be granted if the pleadings, depositions, answers to interrogatories and admissions show there is no genuine issue of material fact and that the moving party is entitled to judgment of law. *Williams v. Pilgrim Life Insurance Company*, 306 Pa. Super. 170, 452 A.2d 269 (1982). In this case before the court, the provisions of the Recreation Use of Land and Water Act, 68 Pa. C.S. §477.1 et seq., as applied to

the factual situation alleged by plaintiffs results in the elimination of all issues of material fact and the township is entitled to the summary judgment as a matter of law.

Summary judgment shall be granted where the right of the moving party is clear and free from doubt; *Thompson Coal Company v. Pike Coal Company,* 488 Pa. 198, 412 A.2d 466 (1979).

In the case presently before the court, the provisions of the Recreation Use of Land and Water Act, 68 Pa. C.S. §477-1 et seq., provide a total bar to the allegations of plaintiff against defendant township. Application of the Recreation Use of Land and Water Act, *supra,* to the present fact situation rebuts all allegations advanced by plaintiff. As a result, no issue of material fact remains, and defendant township is entitled to summary judgment as a matter of law.

The Recreation Use of Land and Water Act was enacted in the Commonwealth of Pennsylvania on February 2, 1966. The act is divided into eight sections, with 68 Pa. C.S. §477-1 setting forth the underlying purpose of the act:

"The purpose of this act is to encourage owners of land to make land and water areas available to the public for recreational purposes by limiting their liability toward persons entering thereon for such purposes."

The purpose of this act is clearly served when owners of land either make such recreational areas available to the public, or maintain such areas for public use. In considering the Recreation Use of Land and Water Act, courts have provided the following general summary of the act:

"Under [the] act, landowners who make their premises available to the public free of charge for recreational purposes *are under no duty to keep the*

428

*premises safe or to warn of dangerous conditions,* uses, structures of activities thereon [sic]. Similarly, the owner extends no assurance that the premises are safe, assumes no duty of care toward recreational users, *and incurs no liability for negligent injury to such users.* This statutory immunity does not apply if the owner levies a charge upon persons who enter the land for recreational purposes. Similarly, the owner is not relieved of liability for willful or malicious failure to warn or guard against a dangerous condition, use, structure or activity." (emphasis added). *Livingston by Livingston v. Pennsylvania Power and Light Co.,* 609 F. Supp. 643, (E.D. Pa. 1985).

Turning to the specific provisions of the act, it is necessary to examine each section individually to determine the applicability of the act to the present fact situation. Section 477-2 contains the definitions of pertinent provisions of the act, which are to be used in the construction of the terms of the act. Paragraph one of this section includes both water and water courses in the definition of "land." See section 477-2(1). Tookany Creek, where the accident in this case took place, would therefore be included in the definition of land for purposes of application of the act.

Paragraph two of section 477-2 defines the term "owner" as, "the possessor of a free interest, a tenant, lessee, occupant or person in control of the premises." Defendant township established ownership of Richard Wall Park in its response to plaintiff's interrogatories. The park was acquired by township in two sections, the first block on September 2, 1926, and the second block on May 23, 1932. Accordingly, defendant township does not dispute the fact that it was the owner of the premises where the accident occurred. As an owner, defendant

township is able to assert the defense provided by the Recreation Use of Land and Water Act.

The extensive discovery conducted in this case has revealed that plaintiff's decedent was involved in the "recreational activities" of both hiking and swimming at the time of the accident. Defendant township did not charge admission to the public for use of the open areas of the park. Members of the general public were afforded the opportunity to enter and exit the park grounds at their leisure without charge. At no time did defendant township extend any express assurance to plaintiff's decedent that the premises were safe for any purpose.

The protection afforded by sections 477-3 and 477-4 is complete and absolute for purposes of the fact situation present in this case. Section 477-3 states:

"Except as specifically recognized or provided in section 6 of this act, an owner of land owes no duty of care to keep the premises safe for entry or use by others for recreational purposes or to give any warning of a dangerous condition, use, structure, or activity on such premises to persons entering for such purposes."

Further, section 477-4 extends this principle by holding in pertinent part:

"Except as specifically recognized by or provided in section 6 of this act, an owner of land who either directly or indirectly provides or permits without charge any person to use such property for recreational purpose does not thereby:

"(1) Extend any assurance that the premises are safe for any purpose;

"(2) Confer upon such person the legal status of an invitee or licensee to whom duty of care is owed; or

"(3) Assume responsibility for or incur liability

for any injury to persons or property caused by an act of omission of such persons."

Thus, on the basis of the underlying facts of this case and review of the allegations in plaintiff's complaint, in relation to the provisions of the Recreation Use of Land and Water Act, defendant township did not assume any responsibility nor can they incur any possible liability for the action of plaintiff's decedent.

In the very recent case of *Farley v. Township of Upper Darby,* 100 Pa. Commw. 535, 514 A.2d 1023 (1986) the court affirmed the grant of summary judgment in favor of the township of Upper Darby concluding that the township was immune from suit under the Recreation Use and Land Water Act, *supra.* In the *Farley* case, the seven-year-old plaintiff was injured when he fell from a sliding board in a township-owned and maintained park. The township filed an answer and new matter claiming immunity under the Political Subdivision Tort Claims Act and also in its amended new matter, immunity under the Recreation Act. It should be noted that there was immunity in the *Farley* case under the Recreation Act even though the township had provided a sliding board at the park. Defendant township, in the instant case, had not provided any artificial playground equipment and it would certainly appear that defendant township's case is even stronger than the case where artificial equipment is provided. It should also be noted that in the *Farley* case the township claimed immunity under the provisions in 42 Pa. C.S. §8542(a)(1) which provides, in pertinent part, that immunity is waived only where "[t]he damages would be recoverable under common law . . . if the injury were caused by a person not having available a defense under section 8541 (relating to governmental immunity general-

ly) or section 8546 (relating to defense of official immunity)." It is clear here that the injuries would not have been recoverable if the property had been owned by a private person and not the municipality in view of the Recreation Act and accordingly, the governmental immunity also applies.

The Commonwealth Court was guided in its decision by the case of *Commonwealth of Pennsylvania, Department of Environmental Resources v. Auresto,* 511 Pa. 73, 511 A.2d 815 (1986) wherein the court held that the provisions of the Recreation Act granting immunity to land owners permitting their property to be used for recreational purposes is applicable to the commonwealth and operates to extend immunity to the commonwealth with respect to its property open to the public. The Supreme Court also extended immunity to the commonwealth on the basis of 42 Pa. C.S. 8522(a) wherein the commonwealth by statute waived sovereign immunity for damages arising out of the negligent act where the damages would be recoverable under the common law or a statute creating a cause of action if the injury was caused by a person not having available a defense of sovereign immunity. Again, the injured party in the *Auresto* case did not have a common law cause of action even absent the defense of sovereign immunity.

## CONCLUSION

On the basis of the above cited authorities, it is clear there can be no liability on the Township of Cheltenham and accordingly, the grant of summary judgment in favor of said township was proper and in complete accordance with the law.