544 A.2d 114

Arthur E. Force, Administrator of the Estate of Wayne A. Force, Deceased, Appellant *v.* Steven E. Watkins et al., Appellees.

Argued April 19, 1988, before President Judge CRUMLISH, JR., Judge McGINLEY, and Senior Judge NARICK, sitting as a panel of three.

*Ambrose R. Campana, Campana* & *Campana,* for appellant.

*Robert B. Hoffman, Reed, Smith, Shaw* & *McClay,* for appellees.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., July 21, 1988:

Arthur Force, administrator of the estate of Wayne Force, appeals a Northumberland County Common Pleas Court order sustaining preliminary objections filed by appellees the Borough of Riverside (Borough), Police Officers Steven Watkins and Izaac Reamer and Chief of Police Ron Blackledge. We affirm in part and reverse and remand in part.

Wayne Force was a passenger in an automobile which crossed into a Borough speed detection zone. Officer Reamer clocked the vehicle in excess of the speed limit and so informed Officer Watkins, who initiated pursuit. This evolved into a high-speed chase which ended when the vehicle failed to negotiate a turn and crashed, killing Wayne Force.[1]

Force's estate filed a complaint against the appellees, alleging that the officers negligently "panicked" the vehicle by giving chase for a minor traffic violation[2] and that Police Chief Blackledge failed to adequately in-

---

[1] Another passenger in the vehicle was seriously injured and filed a similar suit in *Bickert v. Borough of Riverside,* 118 Pa. Commonwealth Ct. 91, 545 A.2d 962 (1988).

[2] Complaint, p. 4; para. 19a-b.

struct and supervise the officers. The common pleas court dismissed the complaint, based on its determination that Force's allegations of negligence did not come within the vehicle liability exception to governmental immunity under Section 8542(b)(1) of the Judicial Code (Code), 42 Pa. C. S. §8542(b)(1).

The vehicle liability exception provides:

(b) **Acts which may impose liability.**—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

(1) *Vehicle liability.*—The operation of any motor vehicle in the possession or control of the local agency. As used in this paragraph, 'motor vehicle' means any vehicle which is self-propelled and any attachment thereto, including vehicles operated by rail, through water or in the air.

Force initially contends that the complaint clearly avers that Officer Watkins negligently *operated* the police vehicle so as to state a cause of action under the vehicle liability exception. The common pleas court found, however, that Officer Watkins' alleged negligence was his decision to pursue the vehicle, not faulty operation.

In his complaint, Force avers:

19. The negligence of the defendants (Watkins and Reamer) consisted of the following:

. . . .

(c) In violating 75 Pa. C.S.A. 3105[3] in endangering life and property while exceeding the

---

[3] 75 Pa. C. S. §3105 sets forth the standard applicable to drivers of emergency vehicles. It provides in part that a driver of an emergency vehicle in pursuit of a suspected violator of the law may exercise certain special privileges, such as proceeding past a red signal or exceeding the maximum speed limit, provided that audi-

maximum speed limit and driving without due regard for the safety as well as in reckless disregard for the safety and rights of others on the highway.

Complaint, p. 5, para. 19.c.

Where the common pleas court has sustained preliminary objections in the nature of a demurrer, we must accept as true all well-pleaded allegations and material facts averred in the complaint. *McNeill v. City of Philadelphia*, 104 Pa. Commonwealth Ct. 494, 522 A.2d 174 (1987).

In this instance, we conclude that the complaint contains averments sufficient to raise a factual question concerning the degree of care exercised by the police car's operator, Officer Watkins. As his employer, the Borough is likewise properly named in the suit. Accordingly, we reverse the common pleas court order as it pertains to this issue and remand for further proceedings.

Additionally, Force contends that Officer Reamer, as part of the chase group, and Chief Blackledge, in his training and supervisory capacity, are also liable under the vehicle liability exception.[4] We cannot agree.

In *City of Philadelphia v. Love*, 98 Pa. Commonwealth Ct. 138, 509 A.2d 1388 (1986), *aff'd*, 518 Pa. 370, 543 A.2d 531 (1988), the Pennsylvania Supreme Court held that the term "operation" as it is used in Section 8542(b)(1) is to be strictly construed to mean actually putting a vehicle in motion. "Merely preparing

_____

ble and visual signals are employed. A duty to drive with due regard for the safety of all persons maintains.

[4] Force's reliance on caselaw predating the legislative revival of governmental immunity statute is misplaced, as the eight exceptions to immunity permitted under the Code have only recently been enacted and their interpretation has developed only since that time.

to operate a vehicle or acts taken at the cessation of operating a vehicle are *not* the same as actually operating that vehicle." *Id.* at 375, 543 A.2d at 533, (1988) (emphasis in original).

Thus, it is clear that the common pleas court correctly dismissed Force's complaint against Reamer and Blackledge inasmuch as they had no part in the actual operation of the pursuit vehicle.

Accordingly, we affirm this portion of the order.

ORDER

The Northumberland County Common Pleas Court, No. CV-85-1595 dated August 11, 1987, is affirmed in part but reversed as it pertains to the allegations of negligent operation of the police vehicle in question. Accordingly, the matter is remanded for further proceedings.

Jurisdiction relinquished.