120 Pa. Commonwealth Ct. 94 (1988)
547 A.2d 1293
Nancy W. McCarrell et al., Appellants
v.
Cumberland County Employee's Retirement Board et al., Appellees.
No. 1220 C.D. 1987.
Commonwealth Court of Pennsylvania.
Argued April 18, 1988.
September 27, 1988.
Argued April 18, 1988, before Judges CRAIG and COLINS, and Senior Judge KALISH, sitting as a panel of three.
*95 Robert W. Barton, Killian & Gephart, for appellants.
Bruce F. Bratton, Martsolf & Bratton, for appellees.
Ronald M. Lucas, with him, Norman P. Hetrick, Tive, Hetrick & Pierce, P.C., for appellee, Hay/Huggins Company, Inc.
OPINION BY JUDGE COLINS, September 27, 1988:
This is an appeal from an Order of the Court of Common Pleas of Cumberland County granting summary judgment in favor of the Cumberland County Employee's Retirement Board (Board).

Factual History
Retirees of the Cumberland County Employee's Retirement System (appellants) initiated this action by the *96 filing of a complaint seeking both equitable and declaratory relief. Count 1 of the complaint averred that the Board violated its fiduciary obligation under the County Pension Law[1] to those retirees of Cumberland County who were drawing a county pension. Count 2 of the complaint alleged that the Board utilized monies earned on the investment of funds contained in the County Employee's Retirement Fund (Fund) to reduce or eliminate the amount paid by the County for administration of the system, in violation of Section 5 of the Law, 16 P.S. §11655. Count 3 of the complaint contended that the Board wrongfully allowed funds to be held in the name of private individuals and companies in dereliction of Section 8 of the Law, 16 P.S. §11658, which requires that the County Treasurer maintain these funds.
The appellants sought, inter alia, relief in the form of an order declaring unlawful, the method of payment to the Fund utilized by the County. Appellants sought further relief in the form of an order requiring that the Board grant a cost of living increase to the retirees for the years 1983 and 1985. This request was based upon the allegation that the Board had breached its fiduciary obligation in failing to grant such increases for those years due to its offset of the County contribution to the Fund.
The Board joined, as an additional defendant, its actuarial consultant, the Hay/Huggins Company, Inc. The Board reasoned that because it acted upon the advice and direction of this company in fulfilling its obligations pursuant to the Law, the company should be held jointly liable in the event that the court found in favor of the retirees. The Board and the additional defendant filed Motions for Summary Judgment pursuant to Pa. R.C.P. *97 No. 1035. The appellants conceded that summary judgment should be entered as to Count 3 of the complaint. The trial court entered summary judgment as to all counts and appellants appealed that decision to this Court.
As noted by the trial court, the issue before us today is one of first impression. Accordingly, we feel it necessary to set forth a complete analysis of the structure of the Fund, including the duties and obligations imposed upon the Board by the Law.

Structure of the Fund
The Cumberland County Employees Retirement System, established pursuant to the Law, is composed of several different accounts. The Law requires that county employees (employees) make contributions to the Fund from their salaries into the Member's Annuity Reserve Account (MARA). Upon retirement, the amount of a member's accumulated deductions in his MARA are transferred to a Retired Members' Reserve Account. The Law also provides that monies contributed to the Fund by the County are to be maintained in the County Annuity Reserve Account (CARA).
Although there are no other statutorily defined accounts within the Fund, Section 7(a) of the Law, 15 P.S. §11657(a), does provide that the corpus of the Fund shall include the interest earned by the investment of monies contained therein. It reads:
Regular interest shall be credited up to the date of retirement, death or withdrawal, to the members' annuity and county annuity and retired members' reserve account.[[2]]
*98 Section 6 of the Law vests in the Board the authority to determine the rate of regular interest to be afforded member contribution accounts, such rate not to be less than four per cent nor more than five and one-half per cent per year. 15 P.S. §11656. This Section further provides that the actuary of the Board shall:
`certify to the Board annually the amount of the appropriation to be made by the county to the fund to build up and maintain adequate reserves for the payment of the county's share of the retirement allowances.'
15 P.S. §11656. Basically, each year, the actuary computes the present and projected future liabilities of the Fund, weighs the liabilities against the assets of the Fund and determines the amount of County general funds to be appropriated to the Fund.

Discussion
In the instant matter, the actuary, in calculating the County contribution, included, as part of the assets of the Fund, the excess interest earned on the investment of monies in the Fund. The appellants contend that the members of the Board used the excess interest to reduce the mandated contribution from the County to the Fund in contravention of their fiduciary duties as trustees of the Fund. The appellants go on to draw the inference that the Board lessened the County contribution to aid the County in balancing its budget. Ultimately, the appellants conclude that because the Board impermissibly used the excess interest that would ordinarily be used to fund cost of living increases to balance the County budget, the increases to the retirees were not forthcoming. Consequently, appellants contend that a factual dispute as to the Board members' violations of their fiduciary obligations existed before the trial court, *99 and therefore, request that we overturn the grant of summary judgment.
We note that summary judgment will be granted only when the moving party has established that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. Pa. R.C.P. No. 1035. Our scope of review when examining a common pleas court's grant of summary judgment is limited to determining whether the trial court committed an error of law or abused its discretion. Farley v. Township of Upper Darby, 100 Pa. Commonwealth Ct. 535, 514 A.2d 1023 (1986), petition for allowance of appeal denied, 517 Pa. 611, 536 A.2d 1334 (1987). Our review of the record in this matter reveals that the trial court committed no error of law nor abused its discretion in granting summary judgment. We shall address the issues presented in the order in which they were raised.
Appellants first contend that there was, before the trial court, a substantial factual dispute as to whether the Board members, as trustees of the Fund, violated the fiduciary obligations imposed upon them by law. Citing the language of Section 9 of the Law, 16 P.S. §11659, the appellants maintain that the Board members must carry out their duties as trustees solely in the interest of the beneficiaries of the Fund.
Section 9 of the Law, in pertinent part, reads:
The members of the board shall be trustees of the fund, and shall have exclusive management of the fund with full power to invest the moneys therein subject to the terms, conditions, limitations and restrictions imposed by law upon fiduciaries. Subject to like terms, conditions, limitations and restrictions, the trustees shall have power to hold, purchase, sell, assign, transfer or dispose of any of the securities and investments *100 in the funds, as well as the proceeds of investments and of the moneys belonging to the fund.
16 P.S. §11659. Appellants would have us read this section of the statute in a vacuum. By singling out this language, the appellants' argument conveniently ignores the realities of this situation.
By their characterization of the Board members as "fiduciaries", the appellants seem to suggest that all duties peculiar to these elected officials' positions fall away except with respect to those owed to the current retirees. We are not unaware that one in a fiduciary relationship with a beneficiary is under a duty to act solely in the interest of that beneficiary. See Restatement (Second) of Trusts §170 comment a (1957). Moreover, we note that the concept of "fiduciary relation," by definition does not permit conflicts of interest. Id. at §170 comment b. However, the reality of this situation is that these Board members are in a fiduciary relationship with all beneficiaries of the Fund, including the current employees of the County as well as the current retirees. In addition, the Board members have the responsibility of safeguarding the County's fiscal welfare. Section 9 of the Law, 16 P.S. §11659, simply cannot be read out of context and without regard for the multiple duties placed upon the Board members not only by the Law, but also by virtue of their elected positions.
The Board serves two masters. Not only is it obliged to act in the interest of the beneficiaries of the Fund, but also, it must operate in its capacity as keeper of the public purse. The Board members are elected to serve as the chief financial officers of the County government. At the same time, by statutory mandate, the Board is the ultimate guarantor of the interest, reserves and benefits generated by the Fund, Section 11 of the Law, 16 P.S. §11661, and also serves as payor of the expenses of administration of the Fund, Section 5 of the Law, 16 *101 P.S. §11655. The Board, faced with the dual obligations imposed upon it, balanced the interests of both masters it serves in the exercise of sound fiscal policy. We cannot conclude that it erred in doing so.
Appellants presented the trial court with the contention that the Board erred in considering the excess interest as an asset of the Fund. As noted previously, Section 7(a) of the Law, 15 P.S. §11657(a), provides that the Fund shall include the interest earned by the investment of monies contained therein. Therefore, the Board did not err in including this excess interest in the calculation of the assets of the Fund. Appellants' argument that this excess interest should be used exclusively for the funding of cost of living increases to current retirees ignores the fact that the excess interest earned on the Fund is a product of the investment not only of the retirees' Retired Members' Reserve Account assets, but also of current employees' contributions and County appropriations. Those employees currently contributing to the Fund receive no benefit from the grant of a cost of living increase to the current retirees. The Board had a duty to act in the interest of all beneficiaries of the Fund, not simply the current retirees.
We accept the Board's logical conclusion that the General Assembly intended to designate the chief financial officers of the County as Board members in order that those persons most familiar with the County's budgetary demands be vested with the power and authority to oversee the entire retirement system. As pointed out by the trial court, some decision making is left to the discretion of the Board. The Law does not mandate that the Board issue cost of living increases to the retirees each year, but instead, grants to the Board the discretionary power to make an independent determination of when such action would be appropriate.
*102 The appellants requested relief in the form of an order granting the retirees cost of living increases for 1983 and 1985. Neither the trial court nor this Court is empowered to substitute judicial discretion for administrative discretion granted a governmental agency, absent bad faith, fraud, capricious action, or abuse of power. Goodman Appeal, 425 Pa. 23, 227 A.2d 816 (1967). The appellants have set forth no proof of bad faith, fraud, capricious action or abuse of power by the Board. Therefore, we shall uphold the trial court's wise decision to defer to the Board those decisions particularly within its administrative discretion.
Having determined that the Board breached no fiduciary duty in its exercise of a clearly discretionary function, we must agree with the trial court that the grant of summary judgment as to Count 1 of the appellants' complaint was in order.
Finally, appellants' second argument alleges that there was, before the trial court, an unresolved factual dispute as to whether the County paid the administrative expenses of the retirement system. This contention lacks merit. The record indicates that all administrative expenses of the Fund have been paid by the County out of its general fund as required by Section 5 of the Law, 16 P.S. §11655. Therefore, it is clear that the trial court did not err in granting summary judgment as to Count 2 of the appellants' complaint.
Accordingly, for all of the reasons set forth above, we shall affirm the trial court's entry of summary judgment as to all counts of the appellants' complaint.

ORDER
AND NOW, this 27th day of September, 1988, the Order of the Court of Common Pleas of Cumberland County in the above-captioned matter is hereby affirmed.
NOTES
[1] Sections 1-32 of the Act of August 31, 1971, P.L. 398, as amended, 16 P.S. §§11651-11682.
[2] As defined in Section 2(12) of the Law, 15 P.S. §11652(12) "`[r]egular interest' means interest at the rate of four per cent compounded annually, except as established by the board for member contributions."