## Conaway v. Kirschner

*Edward G. Krowiak,* for plaintiff.
*Maryann E. Higgins,* for defendant.
*William A. Slotter,* for additional defendant.

O'BRIEN, *J.,* June 4, 1993—On April 8, 1991, plaintiff, Lewis Conaway, commenced this action by filing a complaint in trespass against defendant, Dieter L. Kirschner, seeking recovery for damages to his automobile resulting from a multiple-vehicle accident that took place on September 27, 1990. The accident occurred when plaintiff's vehicle, operated by Michael L. Conaway, was traveling north on Route 3023, in Hamilton Township, Monroe County, Pa. Plaintiff's vehicle struck a Pennsylvania Department of Transportation vehicle that had been parked on the side of Route 3023 by employee Leroy Batchler. Following this initial collision, defendant's vehicle, while traveling north on Route 3023, collided with plaintiff's stopped vehicle.

On May 2, 1991, defendant filed an answer, counterclaim and joinder complaints naming Michael Conaway, Leroy Batchler and PennDOT as additional defendants. On March 9, 1993, additional defendants Leroy Batchler and PennDOT filed a motion for summary judgment. Fol-

lowing the submission of briefs and oral argument, additional defendants' motion is now before this court for disposition.

Pennsylvania's Rules of Civil Procedure provide in pertinent part as follows:

"Rule 1035. *Motion for Summary Judgment*—

"(a) After the pleadings are closed but within such time as not to delay trial, any party may move for summary judgment on the pleadings and any depositions, answers to interrogatories, admissions on file and supporting affidavits.

"(b) The adverse party, prior to the day of hearing, may serve opposing affidavits. The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issues of liability alone although there is a genuine issue as to the amount of damages."

Summary judgment is a means to "eliminate the waste of time and resources of both litigants and the courts in cases where a trial would be a useless formality." *Liles v. Balmer,* 289 Pa. Super. 451, 567 A.2d 691 (1989). The party moving for summary judgment has the burden of demonstrating that no genuine issue of material fact exists and that he is entitled to summary judgment as a matter of law. *Pennsylvania Gas and Water Co. v. Nenna and Frain Inc.,* 320 Pa. Super. 291, 467 A.2d 330 (1983). A material fact is one which affects the outcome of the case. *Beach v. Burns International Security Services,* 406 Pa. Super. 160, 593 A.2d 1285 (1991). In deciding a motion for summary judgment, the record

must be viewed in a light most favorable to the non-moving party and summary judgment may only be entered in cases where the right is clear and free from doubt. *Hayward v. Medical Center of Beaver County,* 530 Pa. 320, 608 A.2d 1040 (1992). However, the party seeking to avoid the imposition of summary judgment is required to show by specific facts in its depositions, admissions or affidavits that there exists a genuine issue for trial. *Marks v. Tasman,* 527 Pa. 132, 589 A.2d 205 (1991).

Additional defendants' motion for summary judgment alleges that the doctrine of sovereign immunity precludes the imposition of any liability attributable to PennDOT or its employees relating to the accident at issue in the case at bar. The doctrine of sovereign immunity prevents liability from being imposed on the Commonwealth. However, this immunity is not absolute. Our Legislature has carved out specific exceptions in which liability may be imposed upon a Commonwealth party. The exception regarding vehicle liability states as follows:

*"Exceptions to sovereign immunity—*

"(b) *Acts which may impose liability*—The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:

"(1) *Vehicle liability*—The *operation* of any motor vehicle in the possession or control of a Commonwealth party. As used in this paragraph, "motor vehicle" means any vehicle which is self-propelled and any attachment thereto, including vehicles operated by rail, through water or in the air." 42 Pa.C.S. §8522 (emphasis added)

Additional defendants assert that their vehicle was parked and not in "operation" at the time of the accident. Therefore, sovereign immunity has not been waived and

no liability may be imposed in the case at bar. Original defendants argue, however, that even though additional defendant's vehicle was parked along the side of the road it was in "operation" for purposes of vehicle liability. As we examine the statutory meaning of the term "operation" and apply it to the facts in the instant case, we are mindful of the fact that the exceptions to sovereign immunity are to be strictly construed "given the expressed legislative intent to insulate political subdivisions from tort liability." *Love v. City of Philadelphia,* 518 Pa. 370, 374, 543 A.2d 531, 532 (1988) (quoting *Mascaro v. Youth Study Center,* 514 Pa. 351, 361, 523 A.2d 1118, 1123 (1987)).

In *Love,* supra, our Supreme Court had to define the term "operation" in the context of a personal injury claim arising out of a slip and fall from a city-owned van. The blind and elderly plaintiff was being transported from a public health center to her home when she fell as she was exiting the van. Our Supreme Court stated that:

"To operate something means to actually put it in motion. Merely preparing to operate a vehicle, or acts taken at the cessation of operating a vehicle are not the same as actually operating that vehicle. Thus, according to the common and approved usage of the word 'operation,' the van was not in operation at the time of Mrs. Love's accident. Getting into or alighting from a vehicle are merely acts ancillary to the actual operation of that vehicle." *Id.* at 375, 543 A.2d at 533.

Our Commonwealth Court has recently applied this definition of "operation" to facts similar to the scenario in the case at bar. In *First National Bank of Pennsylvania v. PennDOT,* 148 Pa. Commw. 158, 609 A.2d 911 (1992) *alloc. denied,* 532 Pa. 648, 614 A.2d 1144 (1992), a Department of Transportation vehicle had temporarily stopped on or near the right-hand berm of a road. The

vehicle's motor was running and its lights were flashing. There was one DOT employee in the driver's seat and two other employees were in the bed of the vehicle preparing delineators to install on an adjacent highway. The court found that "the DOT vehicle was not in operation for purposes of imposing liability on DOT under the motor vehicle exception to sovereign immunity." *Id.* at 163, 609 A.2d at 914.

In the case at bar, original defendant's alleged level of vehicle activity does not even come close to the activity found to exist in *First National Bank of Pennsylvania.* Accordingly, we conclude that the additional defendant's vehicle was not in "operation" for purposes of the motor vehicle exception when it was struck by plaintiff's vehicle. See also, *Speece v. Borough of North Braddock,* 145 Pa. Commw. 568, 604 A.2d 1760 (1992) (fire trucks engaged in pumping water onto fire were not in "operation" for purposes of sovereign immunity waiver). Original defendant's reliance on *City of Pittsburgh v. Jodzis,* 147 Pa. Commw.. 234, 607 A.2d 339 (1992) is not persuasive. In that case, plaintiff motorcyclist testified that "the police car, driven by Officer Barth, may have been moving slowly but accelerated as he tried to pass it on the right side and struck his motorcycle." (See *City of Pittsburgh v. Jodzis* at 238, 607 A.2d at 347.)

Additional defendant PennDOT has also moved for summary judgment on the basis that original defendant's allegation of negligent supervision does not come within the vehicle exception to sovereign immunity. As noted above, the vehicle exception to sovereign immunity must be narrowly construed. The alleged liability must arise out of the "operation" of additional defendant's vehicle. In *Force v. Watkins,* 118 Pa. Commw. 87, 544 A.2d 114 (1988), the court found that negligent training or supervising of employees does not fall within the vehicle ex-

ception to sovereign immunity when the alleged supervising personnel are not involved in the actual "operation" of the Commonwealth's vehicle.

In the case at bar, even if original defendant could produce evidence showing that additional defendant PennDOT was negligent in supervising or training its employees, no liability could be imposed. The vehicle involved in the accident was not in "operation" at the time of the collision and therefore the vehicle exception to sovereign immunity would not apply. *Id.* at 90, 91, 544 A.2d at 115, 116.

## ORDER

And now, June 4, 1993, the motion for summary judgment is granted and judgment is entered in favor of the Pennsylvania Department of Transportation and Leroy Batchler and against all other parties to this proceeding.