Michelle Mascaro, a Minor and Kenneth Mascaro and Michelle Mascaro, Appellants *v.* Youth Study Center, City of Philadelphia, Wilson Goode and Commonwealth of Pennsylvania, Appellees.

Argued April 8, 1985, before Judges ROGERS and COLINS and Senior Judge BLATT, sitting as a panel of three.

*David Assad,* with him, *Dennis E. Haggerty, Briscoe, Haggerty & Howard,* for appellants.

*Ralph J. Luongo,* with him, *Michael B. Tolcott, Barbara W. Mather,* City Solicitor, *Barbara R. Axelrod,* Deputy City Solicitor, and *Norman G. Prajzner,* Assistant City Solicitor, for appellees.

OPINION BY JUDGE ROGERS, May 22, 1985:

Kenneth Mascaro and Michelle Mascaro, for themselves and in behalf of two minor children, sued the City of Philadelphia (City), its Youth Study Center (Center), and Wilson Goode, formerly the City's Managing Director, in trespass for damages for personal injuries inflicted in assaults upon them by an escaped inmate of the Center. They here appeal from judgment on the pleadings entered by the Court of Common Pleas of Philadelphia County against them and in

favor of the appellees, defendants below. To lighten the burden of reading this, we will refer to the appellants here as the plaintiffs and the appellees as the defendants.

The plaintiffs alleged by complaint that Claude Opher escaped from the Center, entered their home, bound and gagged the parents and one child, and raped the other child. The negligent acts charged to the defendants were that they failed in their duty to supervise, that is confine, Opher who had a known propensity for escaping, and that they failed properly to maintain the locks, windows, and doors of the Center, enabling Opher to escape. Mr. Goode is alleged to have been negligent by issuing a directive providing that the Center's detainees including Opher should no longer be required to wear orange uniforms. The plaintiffs charged in general terms that the acts of the City and Center employees, including Mr. Goode, constituted willful misconduct.

By Answer, the defendants effectively denied the plaintiffs' allegations of negligence and by New Matter invoked the affirmative defenses of governmental and official immunity conferred by 42 Pa. C. S. §§8541-8564, which we will refer to generally as the Act.

The plaintiffs by Reply to New Matter, noted that the defenses advanced by the defendants based on the Act were conclusions of law requiring no reply.

The defendants filed a motion for judgment on the pleadings.

The trial court judge held that the alleged failure to provide adequate supervision of Opher was not an act excepted from the immunity conferred upon the defendants by the Act, granted the defendants' motion for judgment on the pleadings, and dismissed the complaint.

The Act at Section 8541 provides that, subject to exceptions, a local agency shall not be liable for dam-

ages on account of an injury to a person or property caused by an act of the agency or its employees. The eight exceptions to this grant of immunity are found at Section 8542(b). However, one seeking to surmount the bar of immunity by recourse to the exceptions must, pursuant to Section 8542(a)(1) and (2), satisfy the conditions (1) that his injuries occurred as the result of acts for which damages would be recoverable under common law or a statute creating a cause of action and (2) that his injuries were caused by negligent acts of the local agency or its employees acting within the scope of their duties with respect to one of the categories of waiver.

With respect to the plaintiffs' allegation of the defendants' failure to supervise, we observe that Section 319 of the Restatement (Second) of Torts (1965) states the common law as follows:

One who takes charge of a third person whom he knows or should know to be likely to cause bodily harm to others if not controlled is under a duty to exercise reasonable care to control the third person to prevent him from doing such harm.

However, the breach of this duty is not among the eight exceptions to immunity described in Section 8542(b) of the Act; hence, the defendants City and Center are not answerable for failing to supervise, that is confine, Opher. Concerning the same charge against Wilson Goode, we observe that Section 8545 of the Act provides that an employee of a local agency is liable for damages only to the same extent as his employing local agency. Since his employer, the City, is immune from liability, so too is Mr. Goode. *See Thorpe v. Danby,* 68 Pa. Commonwealth Ct. 138, 448 A.2d 676 (1982).

As noted, the plaintiffs also alleged in their complaint that the defendants may be held liable for dam-

ages because their derelictions constituted willful misconduct. With respect to the City and the Center, however, Section 8542(a)(2) limits the liability of a local agency for injuries caused by the negligent acts of the agency or its employees by defining the term negligent acts as not including acts which constitute a crime, actual fraud or willful misconduct. Thus, even if the agency's acts or those of its employees constituted willful misconduct as charged, the City and the Center remain immune.

Regarding the alleged willful misconduct of Wilson Goode in issuing the directive dispensing with detainee uniforms, Section 8550 of the Act provides an exception to the official immunity conferred on employees of local agencies when "it is judicially determined that the act of the employee caused the injury and that such act constituted a crime, actual fraud, actual malice or willful misconduct. . . ." The plaintiffs alleged that Mr. Goode's action was an act of willful misconduct because it "helped set in motion Opher's escape, and was a proximate cause of the harm suffered by . . . [them], in that it was a substantial contributing factor in preventing Opher's capture." This allegation is merely an assertion that Mr. Goode's act was a cause of the plaintiffs' injuries. It does not explain why the act of issuing a directive was misconduct much less misconduct of a willful nature; and it describes no circumstances which would invest that act with that quality. The charges that Mr. Goode was guilty of willful misconduct were fatally vulnerable to a motion for judgment on the pleadings.

We pass now to the difficult question posed by the plaintiffs' contention that they have pleaded facts which, if accepted by a jury, would permit their receipt of damages from the City and the Center under the exception to immunity provided by Section 8542(b)(3) of the Act which provides:

Acts which may impose liability.—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

. . . .

(3) *Real property.*—The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency. . . .

The plaintiffs, it will be recalled, alleged that the City and the Center had negligently permitted the detention facility to fall into a state of disrepair which resulted in Opher's escape and his criminal assaults upon them. We have concluded that these averments state a cause of action for which the plaintiffs could recover damages at common law and that they describe acts which may impose liability under the real property exception of Section 8542(b)(3) of the Act.

Section 365 of the Restatement (Second) of Torts (1965) provides:

A possessor of land is subject to liability to others outside of the land for physical harm caused by the disrepair of a structure . . . if the exercise of reasonable care by the possessor. . . .

(a) would have disclosed the disrepair and the unreasonable risk involved therein, and

(b) would have made it reasonably safe by repair or otherwise.

Section 448 of the Restatement (Second) of Torts (1965) provides:

The act of a third person in committing an intentional tort or crime is a superseding

cause of harm to another resulting therefrom, although the actor's negligent conduct created a situation which afforded an opportunity to the third person to commit such a tort or crime, unless the actor at the time of his negligent conduct realized or should have realized the likelihood that such a situation might be created, and that a third person might avail himself of the opportunity to commit such a tort or crime.

In *Ford v. Jeffries,* 474 Pa. 588, 379 A.2d 111 (1977), a dwelling house was damaged by the spread of fire of unknown origin, but possibly set by third persons, from a dilapidated, unoccupied and improperly secured adjoining property. The owner of the damaged dwelling sued the owner of the adjoining fire-struck building. The trial court entered a compulsory nonsuit against the plaintiff. The Supreme Court, citing Section 365 of the Restatement (Second) of Torts, held that it was for the jury to determine whether the defendant engaged in negligent conduct toward the plaintiff, whether the defendant negligently maintained his property, and whether the defendant created an unreasonable risk of harm by fire to the plaintiff's adjacent house; and, citing Section 448 of the Restatement, held that it was for the jury also to determine whether the defendant realized or should have realized the likelihood that his conduct created a situation which afforded a third person the opportunity to commit a crime and that the third person might avail himself of that opportunity. *Ford v. Jeffries,* it seems, is authority for the proposition that the plaintiffs in this case, by alleging that the negligent disrepair of the Center created a situation which afforded Opher an opportunity to commit the crimes which caused their injuries, have stated a cause for which damages could be recovered at common law.

The City and Center contend that the General Assembly intended that Section 8542(b)(3), the real property exception, should be a waiver of immunity for lack of proper care, custody and control of real estate only in the case of persons present upon or near the local agency's real property and injured as the direct result of the agency's neglect. We are constrained to conclude that the exception was intended to waive immunity in all cases where the agency's negligent care, custody and control of real property resulted in injuries to others for which damages are recoverable under the common law.

The recent case of *Allentown State Hospital v. Gill*, 88 Pa. Commonwealth Ct. 331, A.2d (1985), in which a suit was brought by third persons injured by a mental patient, who the plaintiffs alleged had been negligently released from custody by Commonwealth health employees and agencies, is consistent with our present holding. The Commonwealth defendants contended that 42 Pa. C. S. §8522(b)(2), waiving the Commonwealth's sovereign immunity as a bar to actions for damages arising out of negligent acts of Commonwealth health care employees or institutions, was intended to confer the right to recover damages only upon direct consumers of the services of Commonwealth health care employees and institutions. We held in *Gill* that the legislature, having limited the waiver to damages recoverable at common law intended to extend the right to recover to all persons, including the plaintiffs in this case, whose damages would be recoverable under the common law. As we have earlier noted, the Act under consideration in the instant case similarly limits and, in so limiting, extends its waiver to all cases where damages are recoverable at common law.

This case, as *Ford v. Jeffries,* is one for the jury to determine whether the local agency defendants negligently failed to maintain the Center, whether that failure was the legal cause of the plaintiffs' injuries, whether the defendants' acts, if negligent, afforded an opportunity to a third person to commit a crime, and whether the defendant agencies realized or should have realized that the likelihood that such an opportunity would be created and that a third person, such as Opher, would avail himself of the opportunity to commit a crime.

We affirm the order of the court of common pleas entering judgment on the pleadings in favor of the defendant Wilson Goode; we reverse the order insofar as it enters judgment in favor of the defendants City and Center, and we remand for further proceedings consistent with this opinion.

### Order

And Now, this 22nd day of May, 1985, the order of the Court of Common Pleas of Philadelphia County entering judgment on the pleadings in favor of Wilson Goode in the above-captioned matter is affirmed; we reverse the order insofar as it enters judgment in favor of the City and Center and we remand that aspect of the case for further proceedings consistent with this opinion.