Esther P. Johnson and William D. Johnson, Appellants *v.* Southeastern Pennsylvania Transportation Authority and City of Philadelphia, Appellees.

Argued December 12, 1984, before Judges ROGERS, CRAIG and DOYLE, sitting as a panel of three.

*Elliot M. Winer,* with him, *Thomas A. Winkelspecht,* Co-Counsel, for appellants.

*Barbara R. Axelrod,* Deputy City Solicitor, with her, *Barbara W. Mather,* City Solicitor, *Ralph L. Luongo,* Assistant City Solicitor, and *Leonard R. Parks,* for appellees.

OPINION BY JUDGE ROGERS, September 11, 1985:

The appellants, Esther Powell Johnson and William D. Johnson, sued the City of Philadelphia and the Southeastern Pennsylvania Transportation Authority (SEPTA) in trespass for damages on account of injuries to Mrs. Johnson. The Court of Common Pleas of Philadelphia County granted the city's Motion for Judgment on the ground that the Johnsons' claim was barred by the city's governmental immunity conferred by the Political Subdivision Tort Claims Act (Act).[1] SEPTA is not involved in this appeal.

While leaving the Broad Street subway concourse at the Tasker-Morris Station on July 11, 1980, Mrs.

---

[1] The Political Subdivision Tort Claims Act, Act of November 26, 1978, P.L. 1399, *as amended*, 53 P.S. §§5311.01-5311.803 was repealed by Act of October 5, 1980, P.L. 693. Sections of the Act relevant to this appeal were recodified with little substantive change in Sections 8541 and 8542 of the Judicial Code, 42 Pa. C. S. §§8541, 8542. Because Mrs. Johnson was attacked on July 11, 1980, prior to the December 4, 1980 effective date of the Judicial Code, the Act of November 26, 1978 applies to the appellants' claims.

Johnson was assaulted, thrown against a subway wall and injured by a person bent on stealing her purse.

The appellants averred that the city and SEPTA owned, possessed, maintained and controlled jointly or severally the place where she was injured; that Mrs. Johnson was a business invitee of the defendants; that the defendants were on notice of the prevalence in the concourse of criminal activity, including molestation and assault of passengers; and that the defendants negligently failed to provide protection for passengers.

Section 201 of the Act provided political subdivisions with immunity from damages on account of any injury to persons or property caused by acts or omissions of the political subdivision or its employes. Section 202 of the Act created exceptions to the provision of immunity on the condition, *inter alia,* that the damages would be such as "would be recoverable at common law." Section 202(a). The appellants contend that they have stated a cause of action which brings them within an exception to the rule of immunity created by Section 202(b)(3) of the Act which provides as follows:

> Section 202.   Exceptions to governmental immunity.
>
> . . . .
>
> (b)   Actions or activities which may impose liability.—The following acts or activities by a political subdivision or any of its employees may result in the imposition of liability on a political subdivision:
>
> . . . .
>
> (3)   The care, custody or control of real property in the possession of the political subdivision, . . . .

We agree with the appellants.

In the recent case of *Mascaro v. Youth Study Center*, 89 Pa. Commonwealth Ct. 388, 492 A.2d 786 (1985), we held that the exception provided by the successor to Section 202(b)(3), to be found at 42 Pa. C. S. §8542(b),(3), was intended by the Legislature to waive immunity in all cases where the political subdivision's negligent care, custody and control of real property results in injuries to others for which damages would be recoverable at common law. Hence, the question becomes that of whether the facts pleaded by the instant appellants described a cause for which damages would be recoverable at common law or a statute creating a cause of action. Clearly they did. Section 344 of the Restatement (Second) of Torts (1965), provides that

> A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons or animals, and by the failure of the possessor to exercise reasonable care to
>
> (a) discover that such acts are being done or are likely to be done, or
>
> (b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it.

In *Moran v. Valley Forge Drive-In Theater, Inc.*, 431 Pa. 432, 246 A.2d 875 (1968), the Supreme Court approved jury instructions submitting to the jury under Section 344 the case of a person injured by the explosion of a firecracker set off by rowdy teenagers in a movie theater rest room. Although the case of *Carswell v. Southeastern Pennsylvania Transportation Authority*, 259 Pa. Superior Ct. 167, 393 A.2d 770 (1978), another case founded on Section 344, went off

on an evidentiary question, the proven facts—an injury to a transit passenger caused by third parties at a station where acts of rowdyism had occurred in the past—were held to be a sufficient basis for a jury's verdict. In *Murphy v. Penn Fruit Company*, 274 Pa. Superior Ct. 427, 418 A.2d 480 (1980), the Superior Court affirmed a judgment entered on a jury verdict for plaintiffs on account of injuries suffered in the defendant's parking lot at the hands of purse snatchers and approved jury instructions submitting the case under Section 344.

These cases establish Section 344 as the common law of the Commonwealth. The facts of this case as pleaded by the appellants, it can be seen, are materially identical to those of the cases cited.

We therefore reverse the judgment entered in favor of the city and we remand the record to the trial court for further proceedings.

## ORDER

AND Now, this 11th day of September, 1985, we reverse the judgment entered in favor of the City of Philadelphia and remand the record to the trial court for further proceedings.

Judge WILLIAMS, JR. did not participate in the decision in this case.

---

CONCURRING OPINION BY JUDGE DOYLE:

I concur with the conclusion reached by the majority but further believe that it essentially explores only one of the principles necessary to consider under the facts in the case at bar. I agree that Appellants have pled a cause of action "recoverable at common law" but as we recently emphasized in *Joner v. Board of Education of the School District of Philadelphia*, 91 Pa. Commonwealth Ct. 145, 496 A.2d 1288 (1985).

There are *two* distinct requirements that must be met for recovery.

Once a cause of action is found to exist, we then pass to the more difficult and critical task of examining whether Section 202(b)(3) of the Act[1] bars such cause of action. As we articulated in *Mascaro v. Youth Study Center*, 89 Pa. Commonwealth Ct. 388, 492 A.2d 786 (21 T.D. 1984, filed May 22, 1985), it is not every breach of duty that results in liability; the cause of action must also fall within one of the eight exceptions to immunity described in Section 202 of the Act. In this instance the exception is focused on Section 202(b)(3), that dealing with the care, custody or control *of real estate.*

Regarding the first requirement, there is no question that the Appellant, Esther Johnson, was a business invitee who was owed a duty by the City for protection from physical harm *caused by a condition on the land. Atkins v. Urban Redevelopment Authority of Pittsburgh*, 489 Pa. 344, 414 A.2d 100 (1980), adopting Section 343 of the Restatement (Second) of Torts (1965). Nor is there any question that the subway concourse in this instance was being used for the purposes for which it was intended. *See Vann v. Board of Education of the School District of Philadelphia*, 76 Pa. Commonwealth Ct. 604, 464 A.2d 684 (1983). While these are facts essential to establish a cause of action, they are not necessarily central to enable that cause of action to hurdle the immunity bar. In order to successfully surmount that hurdle the Appellants must show that the perpetrators of the attack on Mrs. Johnson in some way utilized the prop-

---

[1] Act of November 26, 1978, P.L. 1399, *as amended, formerly* 53 P.S. §§5311.202(b)(3) repealed by Section 333 of the Act of October 5, 1980, P.L. 693. A similar provision now appears in Section 8542 of the Judicial Code, 42 C.S. §8542.

erty for their evil designs, *e.g.*, by "nesting" in the property, *see Ford v. Jeffries,* 474 Pa. 588, 379 A.2d 111 (1977); or that the Appellees failed in some way to maintain the structure (the concourse) by some negligent act or omission, *e.g.*, failure to maintain adequate lighting or to maintain a secure facility as in *Mascaro,* where there was such a requirement or that they designed or caused a condition to the real estate that created an unreasonable risk to the invitee, *see, e.g., Bersani v. School District of Philadelphia,* 310 Pa. Superior Ct. 1, 456 A.2d 151 (1983) (head injury caused to a nine year old boy playing catcher by a bat in a *baseball* game being played on a *"pimple-ball"* diamond laid out by the School District).

The mere absence of adequate police protection afforded to members of the general public, or even those who take public transportation, would not fall into this category; there must be some nexus, some causal relationship, between the injury and the real property, or the use of the real property. Accordingly, I would remand to the trial court for further proceedings to allow the Appellants the opportunity to overcome the burden of the immunity bar, if that is possible.

---

DISSENTING OPINION BY JUDGE CRAIG:

The order of the Court of Common Pleas of Philadelphia County granting a motion for judgment in favor of the City of Philadelphia should be affirmed because the claim by Esther and William Johnson, appellants, was barred by governmental immunity conferred upon the city by the Political Subdivision Tort Claims Act, Act of November 26, 1978, P.L. 1399, §§201, 202, *as amended, formerly* 53 P.S. §§5311.201, 5311.202, repealed by Act of October 5, 1980, P.L. 693, §333.

Section 202(b)(3) of that former statute, applicable to the 1980 facts here, provided an exception to governmental immunity with respect to the "care, custody or control of real property." However, the complaint in this case contained no averments concerning any physical dealings of the city with respect to the real property. Essentially, all of the averments with respect to liability related to the city's failure to control criminal activity on real property in the city's possession. Such a failure of control does not come within the real property exception any more than a school district's alleged failure properly to control the conduct of a ballgame on a school playing field. *Lewis v. Hatboro-Horsham School District*, 77 Pa. Commonwealth Ct. 287, 465 A.2d 1090 (1983); *Wimbish v. School District of Penn Hills*, 59 Pa. Commonwealth Ct. 620, 430 A.2d 710 (1981).

Our decision in *Mascaro v. Youth Study Center*, 89 Pa. Commonwealth Ct. 388, 492 A.2d 786 (1985), is distinguishable because application of the real property exception in that case rested upon averments in the complaint that neglect and disrepair of the physical facilities of the institution had contributed to the escape of the inmate who injured the plaintiffs.

This case, however, really involves the city's control of criminals, not the city's control of real property.

In effect, the majority approach would invoke the real property exception to municipal immunity whenever a complaint avers that municipal fault was involved, and that the injury simply occurred on municipal premises. However, where statutory immunity is applicable, it applies despite municipal fault. Because claims against municipalities very commonly arise from occurrences upon municipal premises, the majority approach here diminishes greatly the immunity sought to be conferred by the law.