Garrick P. Johnson and Cynthia Johnson, Appellants *v.* City of Philadelphia, Appellee.

Argued April 8, 1985, before Judges ROGERS and COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Andrew Elash, Ominsky, Joseph & Welsh, P.C.,* for appellants.

*Barbara Axelrod,* Assistant City Solicitor, with her, *Mark A. Aronchick,* City Solicitor, *Jill A. Douthett,* Divisional Deputy City Solicitor, and *Janet Stern Holcombe,* Assistant City Solicitor, for appellee.

OPINION BY JUDGE BLATT, November 21, 1985:

Garrick and Cynthia Johnson (petitioners), who are husband and wife, appeal here from an order of the Court of Common Pleas of Philadelphia County sustaining the respondents' preliminary objection in

the form of a demurrer and dismissing the petitioners' complaint against the City of Philadelphia (City).

The complaint alleged in pertinent part that, on the date in question, Garrick Johnson was playing basketball inside a City owned and operated public recreation center when a number of people came into the building and caused a commotion, resulting in injuries to persons playing on the basketball court. It further alleged that the intruders then assaulted him, inflicting severe injuries, and that the City knew or should have known of the need for a trained security force at the recreation center. The petitioners alleged that the City was negligent, *inter alia,* in failing to provide an adequate number of trained security personnel, sufficient safety equipment and a safe security system to protect persons using the center. They further alleged that this negligence was the cause of the injuries sustained.

The trial court determined that the petitioners' action against the City was precluded according to the terms of Section 8541 of the Judicial Code, 42 Pa. C. S. §8541, which grants immunity to local agencies[1] from damages on account of any injury to a person or property caused by the act of the agency, any of its employees, or any other person. It held that the facts alleged did not fall within the ambit of any of the eight enumerated exceptions to the grant of immunity, as listed in Section 8542 of the Judicial Code, 42 Pa. C. S. §8542. It concluded, therefore, that the complaint failed to state a cause of action. The petitioners contend that the facts alleged clearly place them within one of the said exceptions which provides in pertinent part:

---

[1] Pursuant to Section 8501 of the Judicial Code, 42 Pa. C. S. §8501, a local agency is a "government unit other than the Commonwealth government."

> (b) Acts which may impose liability.—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:
>
> * * * *
>
> (3) Real property.—The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages [with exceptions not relevant here]. . . .

42 Pa. C. S. §8542(b)(3). For purposes of ruling upon a demurrer, of course, all well-pleaded facts must be accepted as true, as well as all reasonable inferences which may be deduced therefrom, *Wolcott v. Athens Area School District,* 62 Pa. Commonwealth Ct. 491, 437 A.2d 98 (1981). Additionally, a demurrer may not be sustained unless the law will not permit recovery, and all doubts must be resolved in favor of overruling it, *Aiken v. Radnor Township Board of Supervisors,* 83 Pa. Commonwealth Ct. 190, 476 A.2d 1383 (1984).

It is apparent here, however, that the gravamen of the petitioners' complaint concerns the failure of the City to provide safe conditions for the benefit of those using its facilities. We agree with the trial court's citation of *Robson v. Penn Hills School District,* 63 Pa. Commonwealth Ct. 250, 437 A.2d 1273 (1981) as analogous to the facts presented here. In *Robson,* we held that an action brought by a student injured when struck in the eye by an eraser thrown by another student, was not within the real property exception to governmental immunity.[2] We stated there that it

---

[2] The terms of Section 202(b)(3) of the Political Subdivision Tort Claims Act, Act of November 26, 1978, P.L. 1339, *as amended,* *formerly* 53 P.S. §5311.202(b)(3), repealed by Section 333 of the Act of October 5, 1980, P.L. 693 relied upon in the *Robson* opinion are virtually identical to those of the exception here concerned.

would totally distort the language of the real property exception to place the supervision of school children, or the lack thereof, within its scope. The situation here mandates a similar result, and we see no reason to distinguish *Robson,* where the actors involved were both students, from the instant matter, in which the parties concerned were all members of the public to whom the City made the facility freely available.[3] *See also Casey v. Geiger,* 346 Pa. Superior Ct. 279, 499 A.2d 606 (1985). (Attack at park, a city-owned and operated recreational facility did not establish a cause of action within real property exception.)

We will, therefore, affirm the order of the Court of Common Pleas of Philadelphia County.

### ORDER

AND Now, this 21st day of November, 1985, the order of the Court of Common Pleas of Philadelphia County is affirmed.

Judge ROGERS dissents.

---

[3] We believe that the instant case may be distinguished on its facts from our recent decision in *Johnson v. Southeastern Pennsylvania Transportation Authority and City of Philadelphia,* 91 Pa. Commonwealth Ct. 587, 498 A.2d 22 (1985). That case involved an assault upon a transit passenger in a subway concourse area in which criminal activity was prevalent, as the defendants were allegedly aware. Such a situation is not presented here.