## Dreistadt v. Greater Latrobe School District

*Dennis S. Shilobod,* for plaintiffs.
*Gerald J. Hutton,* for defendant.

LOUGHRAN, *J.,* December 18, 1985 — The preliminary objections filed in this case stem from a civil action for personal injuries allegedly sustained by minor plaintiff while a student at the Greater Latrobe School District, when defendant S.J. Mraz, a teacher at the school district, placed his hand to the back of plaintiff's neck and pushed his head into a door frame fracturing his tooth and damaging the nerves of the tooth. The preliminary objections of defendant are in the nature of a demurrer and a motion to strike. The demurrer asserts that minor plaintiff and parent-plaintiffs have not stated a cause of action recognized under the Political Subdivision Tort Claims Act, 42 Pa.C.S. §8541, which sets forth eight exceptions to governmental immunity and to the employees of the governmental unit. Defendant's motion to strike pertains to the parent-plaintiffs' claims for mental suffering, anguish, inconvenience and psychological trauma which they allegedly incurred as a result of minor plaintiff's injuries.

The Political Subdivision Tort Claims Act provides governmental immunity to any local agency or employee thereof, unless the claim against such local agency or employee falls within one of the exceptions of section 8542 of the act.

Plaintiffs contend that the school district is liable to them and, in paragraph nine, set forth various acts of negligence. There are no wilful or wanton allegations against the school district except for those acts committed by individual teacher-defendant S.J. Mraz. It has been held that a school district is immune from suit for claims of failure to employ trained personnel, failure to supervise the employees or failure to promulgate proper rules, regulations and procedures. *Wimbush v. School District of Penn Hills*, 59 Pa. Commw. 620, 430 A.2d 710 (1981).

It has also been held that negligent supervision of students which results in personal injury claims is not a claim which falls within any of the eight enumerated exceptions to the governmental immunity of the Political Subdivision Tort Claims Act. *Robson v. Penn Hills School District*, 63 Pa. Commw. 250, 437 A.2d 1273 (1981); *Close v. Voorhees*, 67 Pa. Commw. 205, 446 A.2d 728 (1982). Even though the acts of an employee constitute wilful misconduct, the local agency remains immune. *Mascaro v. Youth Study Center*, 89 Pa. Commw. 388, 492 A.2d 786 (1985). However, section 8550 of the act provides an exception wherein the employee of the local agency loses his official immunity when it is determined that his acts constitute a crime, actual fraud, actual malice or wilful misconduct.

While, therefore, it appears that the local school district immunity in this case remains intact, any judgment on the pleadings in favor of the employee cannot be granted as plaintiff has alleged acts on the part of the individual employee which amount to wilful misconduct. Therefore, the objection by the Greater Latrobe School District based upon sovereign immunity will be sustained and those of S.J. Marz, at this time, will be denied.

The second thrust of defendants' objections deals with the claims of parent-plaintiffs in the nature of a motion to strike the claims of parent-plaintiffs for the psychological trauma and anguish damages in paragraphs 21 and 24 of the complaint. While Pennsylvania permits recovery for mental anguish and psychological trauma, these cases have permitted a recovery when the parent actually sees the injury being inflicted. Sinn v. Burd, 586 Pa. 146, 404 A.2d 672 (1979). In absence of personal observation, the claims for mental anguish and psychological trauma have been denied. Hoffner v. Hodge, 47 Pa. Commw. 277, 407 A.2d 940 (1979). Accordingly, plaintiffs' claim for mental suffering and psychological trauma contained in paragraphs 21 and 24 of the complaints will be striken.

## ORDER OF COURT

And now, this December 18, 1985, after careful consideration and review of the briefs submitted in support of oral arguments, it is hereby ordered, adjudged and decreed that the demurrer filed on behalf of defendant Greater Latrobe School District, is hereby granted and the demurrer filed by individual defendant S.J. Marz is hereby denied. The motion to strike paragraphs 21 and 24 of plaintiffs' complaint is granted.