523 A.2d 422

Robert D. Thompson, Sr. and Lillian Thompson, individually and as Administrators of the Estate of Linda Thompson, Deceased, Appellants *v.* Self Center, Inc., & Lee Griffin & City of Philadelphia and Commonwealth of Pennsylvania, Appellees.

·Argued February 26, 1987, before Judges CRAIG and DOYLE, and Senior Judge BARBIERI, sitting as a panel of three.

*Jerome M. Dubyn, Dubyn & Smith, P.C.,* for appellants.

*Norman G. Prajzner,* Chief Assistant City Solicitor, with him, *Armando A. Pandola, Jr.,* Chief Deputy in Charge of Claims and *Handsel B. Minyard,* City Solicitor, for appellee, City of Philadelphia.

OPINION BY JUDGE CRAIG, March 31, 1987:

Robert D. Thompson, Sr. and Lillian Thompson, individually and as administrators of the estate of Linda Thompson, deceased, appeal an order by Judge WHITE of the Court of Common Pleas of Philadelphia County which sustained the City of Philadelphia's preliminary objections in the nature of a demurrer and dismissed the appellants' complaint.

According to the complaint,[1] the decedent Linda Thompson, was a mentally incompetent person who was under the custody, care and control of Self Center, Inc., a business duly authorized and was acting as an agent of "Defendants City of Philadelphia and/or Commonwealth of Pennsylvania," in housing and caring for indigents and other needy persons. On October 23, 1983, at approximately 5 a.m., the decedent, through means unexplained, was wandering in the vicinity of Broad and Spencer Streets in the City of Philadelphia when she was struck by an automobile, causing her to sustain severe personal injuries which resulted in her death on November 16, 1983.

This appeal relates only to the City of Philadelphia because the trial court's order addressed it alone and made no reference to the appellants' action against the Commonwealth.

Judge WHITE characterized the complaint as alleging only that the city failed to supervise the decedent's actions properly. Accordingly, he rejected the appellants' contention that the action fell within section 202(b)(3) of the Political Subdivision Tort Claims Act,[2] the real property exception to governmental immunity.

Before this court, the appellants renew their contention that their cause of action falls within that exception, which provides in part:

---

[1] When considering preliminary objections in the nature of a demurrer, the court must accept as true all well-pleaded material facts in the pleading as well as all reasonable inferences deducible therefrom and cannot sustain the demurrer unless the facts, as averred, clearly indicate that the law will not permit the recovery sought. *E-Z Parks v. Larson,* 91 Pa. Commonwealth Ct. 600, 498 A.2d 1364 (1985), *aff'd* 509 Pa. 496, 503 A.2d 931 (1986).

[2] Act of November 20, 1978, P.L. 1399, *as amended, formerly* 53 P.S. §5311.202(b)(3), repealed by section 333 of the Act of October 5, 1980, P.L. 693. A similar provision is now found in 42 Pa. C. S. §8542(b)(3).

(b) Actions or activities which may impose liability.—The following acts or activities by a political subdivision or any of its employees may result in the imposition of liability on a political subdivision:

. . . .

(3) The care, custody or control of real property in the possession of the political subdivision. . . .

42 Pa. C.S. §8542(b)(3).

As the trial judge aptly concluded, the gravamen of the complaint is that the defendants were negligent in their supervision and control of the decedent so that she left the facility undetected, and that the defendants acted with further negligence in their failure to locate and reassert custody over the decedent promptly, thus exposing her to the resultant harm. The complaint makes no reference to the condition of the physical facility of Self Center, Inc., or to the city's maintenance of it, further indicating that the complaint deals only with defendants' care, custody and control of the mentally incompetent decedent, rather than with the care, custody or control of real property.

Although not factually identical, the present case is analogous to this court's decisions in *Johnson v. City of Philadelphia*, 93 Pa. Commonwealth Ct. 87, 500 A.2d 520 (1985), and *Robson v. Penn Hills School District*, 63 Pa. Commonwealth Ct. 250, 437 A.2d 1273 (1981). In *Johnson*, where a member of the public was injured in a city-owned gymnasium by other members of the public who had equal access to the facility, we concluded that the city's failure to provide safe conditions for the benefit of those using its facilities was not actionable under the real property exception. In *Robson*, the gravamen of the complaint, that the school district had failed to supervise school children resulting in one student's in-

jury, was not an action or activity which could be fairly characterized as the care, custody or control of real property.

Of course, in *Mascaro v. Youth Study Center*, 89 Pa. Commonwealth Ct. 388, 492 A.2d 786 (1985), *petition for allowance of appeal granted*, 509 Pa. 451, 502 A.2d 1239 (1985), we concluded that the complaint did describe acts which may impose liability under the real property exception through its averments that an escaped inmate, who had a known propensity for escaping, was able to do so because the city had neglected to maintain the locks, windows, and doors of the facility. That case is distinguishable from the present one because here the complaint avers no negligent failure to maintain the property.

*Johnson v. Southeastern Pennsylvania Transportation Authority*, 91 Pa. Commonwealth Ct. 587, 498 A.2d 22 (1985), *petition for allowance of appeal granted*, 511 Pa. 295, 512 A.2d 1185 (1986), upon which the appellants rely primarily, is also distinguishable from the present case. The injury in that case occurred on the alleged negligently controlled property. Here, notwithstanding the alleged negligent control of the subject facility, the decedent's injury occurred at another public place, concerning the care, custody or control of which there is no averment of negligence.

The theory of the complaint, negligent supervision of residents of a city-controlled facility, fails to suggest any respect in which the city acted negligently as to the care, custody or control of the property itself. The general immunity granted the city under section 101 of the Act, 42 Pa. C.S. §8541, therefore bars the present action.

Accordingly, we affirm the sound decision of Judge WHITE.

ORDER

Now, March 31, 1987, the order of the Court of Common Pleas of Philadelphia County, at No. 2413 October Term, 1985, dated December 31, 1985, is affirmed.