# Force v. Watkins

*Ambrose R. Campana,* for plaintiff.

*Robert B. Hoffman,* for defendants Watkins, Reamer, Blackledge and Riverside Borough.

*George A. Welsh, Office of Attorney General,* for PennDOT.

RANCK, *P.J.,* August 11, 1987—Plaintiff filed a complaint against defendant under the Wrongful Death and Survival Statutes. Before this court for disposition are preliminary objections filed by defendants Steven E. Watkins, Izaac L. Reamer, Ron Blackledge and Riverside Borough challenging plaintiff's claim on the grounds that it was barred by the Political Subdivision Tort Claims Act.

The following facts were alleged in the complaint: On August 8, 1984, Wayne A. Force, now deceased, was a passenger in an automobile driven by Christopher A. Share. Mr. Share was traveling west on Legislative Route 49105, known as Sunbury Road, at a high rate of speed in order to elude a police vehicle from Riverside Borough. The police vehicle in pursuit of the Share vehicle was operated by Steven E. Watkins, a police officer of Riverside Borough. Officer Izaac Reamer was operating an electronic speed timing device which clocked the Share vehicle at 47.6 miles per hour, which was in excess of the posted speed limit of 35 miles per hour. Officer Reamer informed Officer Watkins of the speed of Mr. Share's vehicle, and Officer Watkins pursued the Share vehicle. Approximately three miles after the chase began, Mr. Share failed to negotiate a left-hand curve and ran into a mountainside, killing Wayne A. Force. Plaintiff alleges reckless disregard for the safety of others against defendants Reamer and Watkins and negligent instruction and supervi-

sion against Chief Blackledge and the Borough of Riverside.

The Political Subdivision Tort Claims Act, 42 Pa. C.S. §8542 states:

"(a) *Liability imposed* — A local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in this subchapter if both of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b):

"(1) The damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available defense under section 8541 (relating to governmental immunity generally) or section 8546 (relating to defense of official immunity); and

"(2) The injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his duties with respect to one of the categories listed in subsection (b). As used in this paragraph, 'negligent acts' shall not include acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct.

"(b) *Acts which impose liability* — The following acts by the local agency or any of its employees may result in the imposition of liability on a local agency;

"(1) *Vehicle liability* — The operation of any motor vehicle in the possession or control of the local agency. As used in this paragraph, 'motor vehicle' means any vehicle which is self-propelled and any attachment thereto, including vehicles operated by rail, through water or in the air."

In order for a plaintiff to proceed against a municipality and its employees, it is necessary for his allegations of negligence to fall into one of the eight categories of 42 Pa. C.S. §8542(b) where governmental immunity has been abrogated. If the allega-

tions of negligence of the defendant municipality do not fall into one of the categories of 42 Pa. C.S. §8542(b), the action is barred. *Gill v. County of Northampton,* 89 Pa. Commw. 596, 492 A.2d 1204 (1985). In the present case, plaintiff has not alleged any specific allegations of negligence which fall within the exceptions to governmental immunity as set out in 42 Pa. C.S. §8542(b). The suit against the municipality is, therefore, barred.

The appellate courts of this state have consistently stated that the exceptions to governmental immunity set forth in 42 Pa. C.S. §8542(b) are subject to strict interpretation. *City of Philadelphia v. Love,* 98 Pa. Commw. 138, 509 A.2d 1388 (1986); *Casey v. Geiger,* 346 Pa. Super. 279, 499 A.2d 606 (1985). In the present case, plaintiff in his complaint only alleges negligent operation of a motor vehicle against defendants Reamer and Watkins in paragraph 19(c) of the complaint. The remainder of plaintiff's allegations of negligence against defendants Blackledge and Riverside Borough concern failure to instruct and supervise, which do not fall into any of the eight categories of immunity set forth in 42 Pa. C.S. §8542(b). Therefore, the allegations against defendants Blackledge and Riverside Borough cannot go forward since they are barred by 42 Pa. C.S. §8541 which provides for governmental immunity.

Furthermore, the complaint fails to allege any acts by defendant Reamer which would constitute the alleged negligence. The complaint fails to allege that defendant Reamer operated a motor vehicle in the course of his employment. The allegations of vehicular operation are made only against defendant Watkins. There are no allegations of operation against defendant Reamer. Therefore, the action against defendant Reamer must be dismissed.

As previously stated, it is necessary to dismiss the

complaint against all defendants, except Watkins, due to the governmental immunity bar. Moreover, 42 Pa. C.S. §8545 states:

"An employee of a local agency is liable for civil damages on account of any injury to a person or property caused by acts of the employee which are within the scope of his office or duties only to *the same extent as his employing local agency and subject to the limitations imposed by this subchapter.*" (emphasis supplied)

According to the statute, it is impossible to hold a governmental employee liable when the governmental employer is not liable.

In the present case, plaintiff alleges defendant Watkins' negligence was driving in pursuit of the Share vehicle, not faulty operation of a motor vehicle. Again, such an alleged negligent act does not fall into one of the eight exceptions to governmental immunity. Moreover, a governmental employee cannot be held liable in a negligence action when his employer is not. *Mascaro v. Youth Study Center,* 89 Pa. Commw. 388, 492 A.2d 786 (1985). Therefore, the action against defendant Watkins is also barred under the Political Subdivision Tort Claims Act.

For all of the foregoing reasons, we enter the following

## ORDER

And now, August 11, 1987, it is ordered and directed that defendants Watkins, Reamer and Blackledge and Riverside Borough's motion to dismiss is sustained, and the complaint against the above defendants is dismissed.