551 A.2d 602

Commonwealth of Pennsylvania by Attorney General LeRoy S. Zimmerman, Plaintiff *v.* The Bell Telephone Company of Pennsylvania, Defendant.

Argued June 17, 1988, before Judge COLINS, and Senior Judges BARBIERI and KALISH, sitting as a panel of three.

*John E. Kelly,* Senior Deputy Attorney General, with him, *John J. Calabro,* Deputy Attorney General, *Douglas P. Yauger,* Chief Deputy Attorney General, and *LeRoy S. Zimmerman,* Attorney General, for plaintiff.

*Edward F. Mannino,* Of Counsel: *Thomas G. Saylor, Jr.,* with him, *Raymond F. Scully, Baskin, Flaherty, Elliott & Mannino, P.C.,* for defendant.

OPINION BY SENIOR JUDGE KALISH, October 21, 1988:

The Bell Telephone Company of Pennsylvania (Bell) has filed preliminary objections to a complaint in equity filed by the Attorney General. For the reasons set forth below, we overrule the preliminary objections.

The Attorney General, acting on behalf of the Commonwealth of Pennsylvania, filed a complaint in equity with this court alleging that Bell was engaging in unfair methods of competition and unfair or deceptive acts or practices in violation of section 3 of the Unfair Trade Practices and Consumer Protection Law (Consumer Law).[1] The focus of the complaint is Bell's method of selling two internal wire maintenance (IWM) plans, the "Basic Plan" and the "Guardian Plan," to new telephone service customers.

The complaint makes the following pertinent allegations:

17. [W]hen new connect customers telephone Bell for the purpose of instituting residential telephone service, the Bell service representative, as part of Bell's sales presentation, enters into a dialogue which is purportedly an objective, unbiased assessment of the new connect customers' telephone needs;

. . .

20. However, Bell service representatives fail to provide unbiased, objective information and recommendations;

21. In truth and in fact, regardless of the information provided by new connect customers in numerous instances Bell service representatives:

A. Unilaterally and without request enroll new connect customers in the Guardian or basic IWM plans;

B. Strongly recommend the Guardian or basic IWM plan when, based on the information gathered by the service representative, such a

---

[1] Act of December 17, 1968, P.L. 1224, *as amended,* 73 P.S. §201-3. Section 3 of the Consumer Law provides: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful. . . ."

service plan would be unnecessary, duplicative or provide for repairs that are not the responsibility of the new connect customer;

C. Strongly recommend the Guardian or basic IWM plan, without having any prior reasonable basis that such a service agreement is necessary, would be economically beneficial to the new connect customer or would provide repair coverage for which the new connect customer is responsible;

22. Bell service representatives present information concerning the IWM plans in a confusing and misleading manner;

23. Bell service representatives misrepresent and obfuscate the terms, conditions and coverage provided by the Guardian IWM plan;

24. Bell service representatives fail to disclose that:

A. While the prices and conditions of all other services being offered to new connect customers are regulated and controlled by the PUC, the IWM plans are a wholly unregulated endeavor for which Bell charges what the marketplace will bear;

B. The new connect customer has the right to repair his/her own inside wire or hire someone else to do so;

C. Repair and maintenance of inside wire may be the responsibility of someone other than the new connect customers;

D. Based on the prior experience of Bell, residential inside wire only needs to be repaired, on average, once every fourteen (14) years;

25. The aforesaid methods, acts or practices constitute unfair methods of competition and

unfair or deceptive acts or practices in the conduct of trade or commerce as prohibited by Section 3 of the Consumer [Law] as defined by Section 2 of said [Law] as follows:

(ii) Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services;

(iii) Causing likelihood of confusion or of misunderstanding as to affiliation, connection or association with, or certification by another;

(v) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation or connection that he does not have;

(vii) Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another;

(xvii) Engaging in any other fraudulent conduct which creates a likelihood of confusion or of misunderstanding.

Bell makes three objections to the Commonwealth's complaint. Bell's first objection is in the nature of a demurrer and alleges that paragraphs 20, 21 and 24 of the complaint fail to state a cause of action under the Consumer Law. Bell's second objection is that a determination that Bell's conduct is unlawful under the Consumer Law would violate Bell's first amendment right to free speech under the United States Constitution and its due process right to notice under the Pennsylvania and United States Constitutions. Bell's final preliminary objection, which is in the nature of a motion to strike and a motion for a more specific pleading, alleges that paragraphs 22 and 23 of the complaint fail to plead fraud

with the required specificity. We will address each preliminary objection separately.

## Failure To State a Cause of Action

We note at the outset that a preliminary objection in the nature of a demurrer admits as true all well-pleaded, material facts contained in the complaint and all inferences fairly deducible therefrom. *Babjack v. Mt. Lebanon Parking Authority,* 102 Pa. Commonwealth Ct. 499, 518 A.2d 1311 (1986). A demurrer will not be sustained unless the law does not permit recovery upon the facts alleged. *Johnson v. City of Philadelphia,* 93 Pa. Commonwealth Ct. 87, 500 A.2d 520 (1985). Moreover, in ruling on a demurrer all doubts should be resolved in favor of overruling the demurrer. *Id.*

We also note that it has been held that the Consumer Law should be liberally construed. *Commonwealth v. Monumental Properties,* 459 Pa. 450, 329 A.2d 812 (1974); *Chatham Racquet Club v. Commonwealth,* 116 Pa. Commonwealth Ct. 55, 541 A.2d 51 (1988). The purpose of the Consumer Law is to eliminate unfair or deceptive business practices. *Id.* Section 2(4)(xvii) of the Law, 73 P.S. §201-2(4)(xvii), prohibiting "any other fraudulent conduct which creates a likelihood of confusion or misunderstanding," has been held to be a catch-all provision meant to cover all unfair and deceptive acts or practices. *Id.*

The complaint alleges that Bell misleads new telephone customers into thinking they are getting an unbiased, objective assessment of their telephone needs, when in fact they are assigned to IWM plans without regard to their needs. Clearly, such a misrepresentation would constitute a violation of the Consumer Law.

The complaint also alleges that Bell fails to tell new telephone customers that IWM services are not regulated by the Public Utility Commission, that the customer

can hire another company to repair his inside wires, that the customer may not be responsible for repairing his inside wires, and that on the average these wires only have to be repaired once every 14 years. This is information which would influence one's decision whether or not to subscribe to one of Bell's IWM plans. A failure to disclose a material fact has been held to constitute a violation of the Consumer Law. *See Commonwealth v. Society of the 28th Division, A.E.F. Corp.*, 113 Pa. Commonwealth Ct. 456, 538 A.2d 76 (1987).

## RIGHT TO NOTICE AND RIGHT TO FREE SPEECH

In its second preliminary objection, Bell raises two constitutional issues. First, Bell contends that the Consumer Law is unconstitutionally vague because it does not provide Bell with notice that its conduct is prohibited. This court has previously addressed this issue and held that the Consumer Law is not unconstitutionally void for vagueness. *Commonwealth v. National Apartment Leasing Co.*, 108 Pa. Commonwealth Ct. 300, 529 A.2d 1157 (1987).

Second, Bell contends that if the Consumer Law is applied in this case, Bell's right to free speech will be violated because its conduct is not false, deceptive or misleading. This argument is without merit. As we noted above, for purposes of ruling on the preliminary objections, all well-pleaded facts contained in the complaint will be accepted as true. The complaint in this case describes sales practices which are misleading and deceptive. Commercial speech which is false, deceptive or misleading is not entitled to first amendment protection. *Bates v. State Bar of Arizona*, 433 U.S. 350 (1977); *Virginia Pharmacy Board v. Virginia Citizens Consumer Council*, 425 U.S. 748 (1976). Therefore, if the alleged facts are proven, Bell will have engaged in com-

mercial speech which is not protected by the first amendment right to free speech.

## MORE SPECIFIC PLEADINGS

Bell contends that paragraphs 22 and 23 of the complaint fail to plead fraud with particularity as required by Pa. R.C.P. 1019(b). Paragraph 25 of the complaint states that the acts alleged in the previous paragraphs constitute unfair methods of competition and unfair or deceptive acts or practices as defined by Section 2(4) (xvii) of the Consumer Law.[2] Thus, in determining whether fraud has been pleaded with the required particularity, we must examine the complaint as a whole.

Considering the complaint as a whole, we conclude that the complaint pleads fraud with the requisite particularity. The complaint alleges specific facts which if proven would constitute fraud. The facts alleged are sufficient to enable Bell to prepare a defense. More is not required. *See Commonwealth v. National Apartment Leasing Company,* 108 Pa. Commonwealth Ct. 300, 529 A.2d 1157 (1987).

Accordingly, we overrule the preliminary objections.

## ORDER

AND NOW, October 21, 1988, the preliminary objections of The Bell Telephone Company of Pennsylvania are overruled.

This decision was reached prior to the resignation of Judge MACPHAIL.

---

[2] Section 2(4)(xvii) of the Consumer Law defines "unfair methods of competition" and "unfair or deceptive acts or practices" as "[e]ngaging in other fraudulent conduct which creates a likelihood of confusion or misunderstanding."