**Faulk v. Pennsylvania State Police**

*Elliot B. Edley*, for plaintiffs.
*Joseph J. Santarone*, for Buckingham Township.
*Allan E. Ells*, for Commonwealth, Pennsylvania State Police.

RUFE, W., *J.*, November 2, 1994—At issue are two sets of preliminary objections; one from defendant Commonwealth of Pennsylvania, Pennsylvania State Police, and one from defendant Buckingham Township and its police department. We sustain the objections and dismiss the complaint for the following reasons.

This case arises out of a motor vehicle accident in Buckingham Township in the vicinity of Route 202 and Mill Road. On the day of the accident, the Pennsylvania State Police had stopped Harold C. Faulk (father of plaintiffs Harold Faulk and Elaine Faulk) for operating an oversized tractor-trailer. The state troopers, allegedly acting in agreement with the Buckingham Township Police, directed Mr. Faulk to park the tractor- trailer along Route 202 and Paprika Drive in Buckingham. The accident alleged by plaintiffs occurred two hours after having been directed off the roadway, when plaintiffs were assisting Mr. Faulk in moving the tractor- trailer and were struck by a vehicle driven by an uninsured motorist.

Plaintiffs allege negligence on the part of the State Police and the Buckingham Police Department, in that defendants allegedly negligently took control of the tractor-trailer by directing it to be placed in a position from which it could not be moved and in which it purportedly became a hazard and created the "situation of danger" resulting in plaintiffs' injuries. Defendants argue that plaintiffs fail to come within any of the exceptions to sovereign immunity set forth at 42 Pa.C.S. §8522(b) (for a Com-

monwealth party) or 42 Pa.C.S. §8542(b) (for a local agency). We agree with defendants.

Defendant Commonwealth's first objection is in the nature of a demurrer. For the purposes of ruling on a demurrer, all well-pleaded facts must be accepted as true, as well as all reasonable inferences which may be deduced therefrom. A demurrer may not be sustained unless the law will not permit recovery, and all doubts must be resolved in favor of overruling it. *Johnson v. City of Philadelphia*, 93 Pa. Commw. 87, 500 A.2d 520 (1985). Defendant Commonwealth argues that plaintiffs have pleaded but cannot maintain a cause of action under either section 8522(b)(4), the real estate or highway exception, or section 8522(b)(1), the motor vehicle exception to immunity. Defendant Buckingham Township also objects that plaintiffs' case fails to fall within the motor vehicle exception of section 8542(b). Plaintiffs only argue that their case comes within the motor vehicle exception, not the real estate exception.

Pennsylvania courts have consistently ruled that immunity must be construed broadly in favor of the governmental units. *Mascaro v. Youth Study Center*, 514 Pa. 351, 361, 523 A.2d 1118, 1123 (1987); *City of Philadelphia v. Love*, 98 Pa. Commw. 138, 509 A.2d 1388 (1986). In *Mascaro*, the Supreme Court held that exceptions to governmental immunity were to be "narrowly interpreted given the expressed legislative intent to insulate political subdivisions from tort liability." Thus, the question is whether the facts in this case fit within the narrow scope of the motor vehicle exception.

Section 8522(b)(1) states: *"Vehicle liability:* The operation of any motor vehicle in the possession or control of a Commonwealth party." (The language is the same in section 8542(b)(1), except it refers to a local agency.)

Plaintiffs concede that while the police did not actually physically operate the truck which had been stopped and cited for failure of the driver to show that he had a permit for an oversize load, the driver was directed by the police officers to park his tractor-trailer in an area on the public road.

Plaintiffs' argument is that while the tractor-trailer was not actually being driven by a police officer, it was under the control of the police since they had directed its movement and its ultimate parking location. Plaintiffs claim the officers were negligent in placing the vehicle in an area from which it could not be safely moved. Plaintiffs contend that these actions by the police constitute "control" so as to bring the case within the parameters of section 8522(b)(1) and section 8542(b)(1). We must therefore determine whether an agent of a governmental unit can be held to be in "control" of a vehicle for the purposes of either section 8522(b)(1) or section 8542(b)(1) if that person did not actually operate the vehicle.

A review of Pennsylvania case law reveals that courts considering the motor vehicle exception have consistently rejected plaintiffs' theory and required that the vehicle actually be operated by the governmental party. In *Keesey v. Longwood Volunteer Fire Co.*, 144 Pa. Commw. 466, 601 A.2d 921 (1992), plaintiff attempted to sue the county under the motor vehicle exception where county dispatchers failed to communicate a "slow down" order to the driver of a fire engine, which was then involved in an accident with plaintiff. Plaintiff argued that the counties were in "control" of the vehicle through the dispatchers. However, the *Keesey* court stated that "this court has consistently held that there must be facts to show that agents of the local agency *operated* the vehicle in order for this immunity exception

to apply." *Id.* at 471, 601 A.2d at 923. (emphasis in original) Thus, the county could not be held liable through the dispatcher, because the dispatcher had not actually operated the vehicle.

Likewise, in *Burkey by Burkey v. Borough of Auburn*, 100 Pa. Commw. 110, 514 A.2d 273 (1986), plaintiffs sued the borough for injuries sustained by plaintiffs when a police officer ordered the seven month pregnant plaintiff to push her stalled vehicle out of traffic or be subject to arrest. Plaintiffs argued that although the officer did not himself operate the vehicle, it was under his "control" for the purposes of the motor vehicle exception because he ordered plaintiff to move the vehicle under threat of arrest. The *Burkey* court rejected this argument, stating that "the vehicle exception to governmental immunity applies only where the agent of the local agency [in question] actually *operates* the vehicle in question." *Id.* at 113, 514 A.2d at 275. (emphasis in original)

Clearly, then, plaintiffs' argument that the police officers were in "control" of the tractor-trailer at the time of the accident must be rejected, since not only were the police not operating the vehicle, they were not even present at the time of the accident, which occurred two hours after the tractor-trailer had been pulled over. Plaintiffs have therefore failed to bring their cause of action within the motor vehicle exceptions to sovereign and governmental immunity. Defendants' preliminary objections to plaintiffs' complaint must be sustained, and the complaint must be dismissed.

Because we are dismissing the complaint on the demurrers, we do not need to consider the defendants' additional objections.

We therefore enter the following:

## ORDER

And now, November 2, 1994, upon consideration of the preliminary objections in the nature of demurrers of defendant, Commonwealth of Pennsylvania, Pennsylvania State Police, and defendant, Buckingham Township and its police department, the responses thereto of plaintiffs, Harold Faulk and Elaine Faulk, and memoranda of counsel, it is hereby ordered and decreed that the objections are sustained and plaintiffs' complaint is dismissed.